(July 1, 1916.)

NORTHERN PACIFIC RAILWAY COMPANY, Appellant,
v. JOHN L. CHAPMAN, Respondent.

[158 Pac. 560.]

SCHOOL DISTRICTS—MAXIMUM TAX LEVY—ANNUAL MEETING—COUNTY COMMISSIONERS — MINISTERIAL OFFICERS — EXTENSION TAXES ON ROLLS—COLLECTION.

1. *Held,* that subd. a, sec. 54, Sess. Laws 1913, p. 363, providing that "The annual school meeting for the transaction of school district business in districts other than independent school districts shall be held on the third Monday in April," and subd. c of said section providing that "Said annual meeting shall determine if a special tax shall be levied, and the rate of the levy, which shall not exceed five (5) mills on each dollar of taxable property. Said special tax shall be for building or repairing school property, for school equipment, or for the support of the school," authorized the qualified electors present at such annual meeting to determine whether a special tax shall be levied for building or repairing school property, for school equipment, or for the support of the school, and limited the levy to five mills on each dollar of taxable property, and was the only law applicable to such school districts in force and effect on the third Monday of April, 1915, under which a valid levy could be made.

2. *Held,* that where the statute provides that school taxes shall be levied in the same manner and by the same officers as county taxes are levied and collected, it has reference to the machinery

and agencies by which such taxes shall be extended on the tax-rolls and collected.

3. *Held,* that where the statute directs the commissioners to make a sufficient levy in mills to produce the amount of money certified to be levied by special tax for school districts, it was the intention of the legislature to direct the commissioners to act in a ministerial capacity and not otherwise.

[*As to delegation by the legislature of the power of taxation,* see note in 74 Am. Dec. 590.]

APPEAL from the District Court of the Second Judicial District for Nez Perce County.   Hon. Edgar C. Steele, Judge.

Action to recover excessive levy of school taxes.   Judgment for defendant.   *Reversed.*

James E. Babb, for Appellant.

Common school districts were limited in their levy by chap. 88, Laws 1913, and hence could not levy to exceed five mills for the year 1914.   (*Oregon Short Line R. Co. v. Minidoka County,* 28 Ida. 214, 153 Pac. 424.)

"No county or other local tax is valid unless it is duly levied by the proper local authorities."   (37 Cyc. 970.)

And, in general, the statutory formalities must be strictly complied with, or the tax will be void.   (37 Cyc. 971.)

No power is conferred on the county commissioners to determine whether a tax shall be raised, or the amount thereof: in other words, to levy the tax within the legal meaning of that term.   The commissioners discharge a purely ministerial or administrative function in extending the tax on the rolls. (*State v. Lakeside Land Co.,* 71 Minn. 283, 73 N. W. 970.)

It is immaterial, therefore, that the amended law was in effect when the commissioners performed the ministerial act of extending the tax on the rolls.   The tax was not "levied" at the time, but solely by the vote of the annual meeting in April, at which time the law of 1915 was not in effect.   (*Dickson v. Burckmyer,* 67 S. C. 526, 46 S. E. 343; *State v. Byrne,* 32 Wash. 264, 274, 73 Pac. 394.)

Henry S. Gray and J. H. Peterson, Attorney General, for Respondent.

The word "levy" is frequently used in more than one sense, and its meaning in a particular instance is determined by resort to the context. (*Southern Ry. Co. v. Kay,* 62 S. C. 28, 39 S. E. 785; *Morton v. Comptroller General,* 4 S. C. 430; *Valle v. Fargo,* 1 Mo. App. 344, 345.)

While our legislatures in the several acts in question have used the word "levy" in a somewhat loose manner, and with the doubtful significance that it has been used in many cases, as above cited, it appears that the real purpose has uniformly been to have the school districts estimate a budget for the guidance of the commissioners, much in the same manner as is done in the state of Washington under Rem. & Bal. Ann. Codes, sec. 4521. (*Goodwin v. Carr,* 78 Wash. 193, 138 Pac. 662.)

BUDGE, J.—This suit was commenced by the appellant on January 8, 1916, in the district court of the second judicial district, in and for Nez Perce County, to recover $1,402.30, with interest at seven per cent, from December 23, 1916, on account of an alleged excessive levy of school taxes in certain school districts of respondent county.

Omitting the formal parts, the complaint alleges that appellant is the owner of a right of way and railroad track running through school districts 21, 54, 55, 51, 57 and 59, in Nez Perce county, which railroad was assessed and equalized on the rolls of Nez Perce county for the year 1915. For the year 1915 the duly constituted authorities of said school district caused to be levied a special tax for building or repairing school property and for school equipment, and for the support and maintenance of the schools of said districts in excess of five mills upon the valuation of said property, said special tax being in addition to the tax levied for indebtedness or sinking fund, or for any other purpose than those aforesaid. The excessive levies were extended upon the assessment-rolls of Nez Perce county, and amount to the sum of $2,804.59,

one-half whereof has been paid under protest. It is further alleged in the complaint that "such action was taken making such special levies at the annual school meeting held in April, 1915, in each of said districts, at such meetings special taxes were voted and levied in excess of five mills as aforesaid." The complaint also sets out a detailed statement of the excessive levies in each district totaling the sum of $2,804.59. In paragraph 8 of the complaint it is alleged that plaintiff duly tendered the amount of taxes legally assessable by said school districts, which was refused, because it was not the full amount appearing on the rolls to be due, and thereupon plaintiff paid under protest one-half the full amount appearing to be due, including one-half of said excess tax of $2,804.59, or an excessive sum of $1,402.30, for which judgment is prayed.

To the complaint a demurrer was filed for want of facts sufficient to constitute a cause of action, and was sustained by the trial court. Appellant refused to plead further, and judgment of dismissal was entered with costs. This is an appeal from the judgment.

There is but one assignment of error, and that is with respect to the action of the court in sustaining the demurrer to the complaint, and entering judgment of dismissal. And there is but one question for decision, namely, whether the laws of Idaho authorized a levy for special school purposes in excess of five mills for the year 1915.

It is admitted that an annual school meeting for the transaction of school district business was held in each and all of the school districts to which reference is made in appellant's complaint on the third Monday of April, 1915, at which meeting it was determined that a special tax should be, and the same was, levied on each dollar of taxable property in excess of five mills. It is also admitted that chapter 88, Sess. Laws 1913, p. 362, and chapter 115, Sess. Laws 1913, p. 434, were the only statutory provisions in force on the third Monday of April, 1915, when the levies in question by the various school districts were made.

Subdivision c of sec. 54, chap. 88, 1913 Sess. Laws, p. 363, provides: "Said annual meeting shall determine if a special tax shall be levied, and the rate of the levy, which shall not exceed five (5) mills on each dollar of taxable property. Said special tax shall be for building or repairing school property, for school equipment, or for the support of the school. Having determined the rate to be levied, the meeting shall proceed to ballot on which ballot shall be written or printed: 'Tax, Yes,' 'Tax, No.' . . . . If a majority of the voters polled at such election are in favor of the tax, the board of trustees shall immediately make such levy and certify the fact, date thereof, and the rate of the tax levied, the year for which levied, and the number of the district, to the clerk of the board of county commissioners and the county assessor, but not more than one such special tax can be levied in any one year." Subdivision c of section 54 of chapter 115, Sess. Laws 1913, p. 439, contains the same provision as subdivision c of chapter 88, above quoted, except that it provides that if said annual meeting should determine a special tax should be levied, that not to exceed fifteen mills on each dollar of taxable property might be so levied.

In the case of the *Oregon Short Line R. Co. v. Minidoka County,* 28 Ida. 214, 153 Pac. 424, this court held that the latter provision of the 1913 Session Laws authorizing a maximum levy of fifteen mills was illegal, and that the maximum levy of five mills provided for in the former act was the maximum levy that a school district could make for the purposes specified therein. That being true, it is not necessary to consider subdivision c of sec. 54, chapter 115, Sess. Laws 1913, p. 439, wherein it provides that at an annual school meeting a special tax of not to exceed fifteen mills on each dollar of taxable property could be levied, since that provision of the statute was void *ab initio.*

It is clear, under the authority of that case, that no levy in excess of five mills on each dollar of taxable property for building or repairing school property, for school equipment, or for the support of the school could be legally levied in

any common school districts in this state on the third Monday of April, 1915.

Subdivision c, sec. 4, chap. 93, Sess. Laws 1915, p. 213, which provides that "Said annual meeting shall determine if a special tax shall be levied not to exceed ten (10) mills on each dollar of taxable property . . . . for the purpose of raising money for building or repairing school property, for school equipment, or for the support and maintenance of the schools," was not approved by the Governor until March 12, 1915, and, as it was without an emergency clause, did not take effect until sixty days from the end of the session of the legislature at which it was passed, under sec. 22, art. 3, of the constitution. This section of the constitution provides: "No act shall take effect until sixty days from the end of the session at which the same shall have been passed, except in case of emergency, which emergency shall be declared in the preamble or in the body of the law."

It is contended by counsel for respondent that while the above provision of the statute was not in force at the date of the annual meeting in the various school districts on the third Monday of April, 1915, when the respective levies were made, yet it was in force at the time the board of county commissioners made their annual levies for state and county purposes, in September, 1915, and that since the levy did not exceed ten mills, it was a valid levy. With this contention we are not in accord. It is a well-established rule that no tax can be levied except pursuant to law, and that no county or other local tax is valid unless duly levied by proper local authorities.

The annual meeting makes the levy, and not the board of county commissioners. The function of the commissioners is purely clerical or ministerial. The statute provides that upon receipt of certificate from the trustees "the commissioners shall make a sufficient levy," etc. The commissioners have no discretion in the matter whatever. They merely supervise the extension of the figures on the roll.

The authority to levy a tax is legislative, and can only be exercised by the body upon whom the power is conferred by

law. Determining that a tax shall be raised and fixing the amount is to levy the tax within the meaning of the law, and this function is committed by the legislature solely to the annual meeting of the school district.

The word "levy" is defined in 37 Cyc. 964, thus: "While the word 'levy' as applied to taxation has been given a variety of meanings, in its proper sense, as applied to the determination of the amount or rate to be charged, it is the formal and official action of the legislative body invested with the power of taxation . . . . *whereby it determines and declares that a tax of a certain amount, or of a certain percentage on value, shall be imposed* on persons and property subject thereto. It is not a judicial power, but is a legislative function to be exercised only by the state or some inferior political division to which the state has delegated the power; and as a legislative function it cannot be delegated to administrative officers, although the further proceedings, such as in extending, assessing and collecting the taxes, are administrative."

The right to levy a tax where an annual school meeting is called as provided by law rests with the electors in attendance upon the annual meeting.

In the case of *State v. Lakeside Land Co.*, 71 Minn. 283, 73 N. W. 970, where an action was brought to cancel certain school taxes because they had been imposed, not by the county commissioners, but by the board of education, the court said: "Counsel's argument is sound, if the meaning which they attach to the word 'levy' is correct. . . . . The counties are created for certain purposes, and these other *quasi*-municipalities for entirely different purposes. Each, within its own particular sphere, manages its own affairs, exempt from the control or supervision of the other, unless otherwise expressly provided by statute. They levy their own taxes, and expend them for their own purposes, although, for reasons of convenience and economy, the county officials are generally used as mere ministerial agents to extend the taxes on the tax lists, and collect them. They all levy their own taxes, in the sense of voting them or determining their amount; but, having

no machinery of their own for their collection, they are required to certify their action to the county auditor, whose duty it is to extend them on the tax-books as part of the taxes for the current year. . . . . The word 'levy' has different meanings, according to the object to which it is applied. As applied to taxes, it sometimes means to raise, to exact by authority of government, or to determine by vote the amount of tax to be raised. It is in this sense that towns, cities and school districts levy taxes. In other cases it is used with reference to the mere ministerial or executive acts of extending them on the tax-books, and collecting them. . . . . When the statute provides that school taxes 'shall be levied in the same manner and by the same officers as county taxes are levied and collected,' it has reference merely to the machinery and agencies by which such taxes shall be extended on the tax-books and collected.''

Where the statute directs the commissioners to ''make a sufficient levy in mills . . . . to produce the amount of money certified to be levied by special tax for such school district,'' it was undoubtedly the intention of the legislature to direct the commissioners to act in a ministerial or executive capacity and not otherwise.

Subdivision c, sec. 54, chapter 88, Sess. Laws 1913, p. 363, which limited the rate of levy to five mills, was the only provision of law which authorized a special tax to be levied for school districts for building or repairing school property, for school equipment, or for the support of the schools.

Therefore the judgment of the trial court is reversed, with instructions to overrule the demurrer and permit the respondent to answer, or otherwise plead. Costs are awarded to appellant.

Sullivan, C. J., concurs.

MORGAN, J., Concurring.—The word ''levy'' as applied by legislatures and courts to the law of taxation has a number of different meanings. It is sometimes so used as to denote the mere ministerial act of computing and extending a tax

according to an assessment; at other times it is so employed as to refer to the legislative function of determining the amount of money to be raised by taxation. (Words & Phrases Judicially Defined, vol. 5, p. 4101; Words & Phrases, Second Series, vol. 3, p. 92.)

. In order that this opinion may not add to the confusion which has resulted from the various meanings conveyed by this word, it may not be amiss to suggest that in chap. 93, Sess. Laws 1915, wherein it is provided that "the board of county commissioners shall . . . . make a sufficient levy in mills upon all the taxable property in said school district not exempt from taxation sufficient to produce the said amount of mistake, inadvertence, surprise or excusable neglect, and of money so certified to be levied by special tax for such school district for such year, and shall certify the same to the county assessor," the legislature used the word "levy" in the former sense, while the court has, in this opinion, employed it in the latter.