[No. 5279. Decided April 14, 1905.]

E. K. FELT, *Respondent*, v. CITY OF BALLARD, *Appellant.*[1]

MUNICIPAL CORPORATIONS—STREETS—IMPROVEMENTS—LOCAL AS-
SESSMENTS—DISTRICTS—ABUTTING PROPERTY—WHAT LOTS FRONT
ON STREET. Under a statute requiring a local improvement as-
sessment district to include all the property fronting on the street
to a distance back from the street to the center of the block, the
assessment district for improving a diagonal street includes a
triangular corner lot in the half-block fronting such street, al-
though only the point or angle of the lot touches the street im-
proved, since the whole of such half-block "fronts" the street,
within the purview of the statute.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered May 7, 1904, upon findings
in favor of the plaintiff, after a trial on the merits before
the court without a jury, in an action to enjoin the collec-
tion of a special improvement assessment. Reversed.

*John W. Whitham,* for appellant.

*W. E. Humphrey* and *Edward Von Tobel,* for respond-
ent.

PER CURIAM.—The plaintiff, as owner of lot 37, of
block 74, Gilman Park, in the city of Ballard, brought
this action to enjoin said city from collecting an assess-
ment levied against said lot for the improvement of Ballard
avenue, in said city, and to declare such assessment null
and void. The plaintiff had judgment below, according
to the prayer of his complaint, and the defendant appeals
therefrom.

The respondent claims that the lot in controversy was
wrongfully and illegally included within the assessment
district formed for the purpose of paving said avenue, and

1Reported in 80 Pac. 532.

that is the principal question involved on this appeal. The following diagram will show the portion of Ballard avenue improved, and the location of lot 37 with relation to the improvement.

The part of the avenue improved lies within the dotted lines between the west line of First avenue west, and the east line of Third avenue west. The assessment district included the half of each block fronting on Ballard avenue, on either side, between First avenue west and Third avenue west. The whole of lot 37 of block 74 was, therefore, included within the assessment district. The statute under which the assessment district was formed provides as follows:

"By the provisions of such ordinance a local improvement district shall be established to be called 'Local Improvement District No. —,' which shall include all the property fronting on the street to be improved between the points named in such resolution, to the distance back from such street, if platted into blocks, to the center of the blocks; if platted in lots only, to the center of each

lot, and if not platted, to the distance of one hundred and twenty feet." Laws 1901, p. 229, § 1.

While the city of Ballard is platted into both lots and blocks, it is clearly platted into blocks, within the meaning of the above act, and the assessment district should extend to the center of the block on each side of the street to be improved. The respondent contends that a line should be extended at right angles from the end of the improvement, at the intersection of Ballard avenue and Third avenue west, that such line would cut off nearly, if not all, of lot 37, and that the assessment district could not legally be extended so as to include property beyond such line.

We cannot agree with this contention. Where a city is divided into blocks, as is the city of Ballard, it was clearly the intention of the legislature that every part of the block should bear a part of the expense of the improvement on two of the streets fronting the block, in proportion to the benefits derived from such improvement. The quarter of the block in which lot 37 is situate is subject to assessment for the improvements on Ballard avenue and also for the improvements on Third avenue west, and so with every other part of the block. We think the entire southerly half of block 74 "fronts on" Ballard avenue, within the meaning of the act above referred to. The fact that the streets or avenues do not intersect at right angles makes no difference; nor does the ownership of the lots, or fractions of lots. The entire half block fronting on the improvement is subject to assessment, regardless of whom the title may vest in. This view of the law imposes on lot 37 its just portion of the expense incurred for street improvements, neither more nor less, and such was clearly the intent of the legislature. We think, therefore, that all of lot 37 was properly included within

the assessment district, and that the judgment setting the assessment aside was erroneous.

We cannot see that the case of *Ryan v. Sumner*, 17 Wash. 228, 49 Pac. 487, cited by respondent, has any application to this case. It was there held that an entire forty-acre tract could not be assessed when it only abutted on the improvement for a distance of six hundred and forty feet. In this case we are of opinion, and hold, that the entire half block fronts on the avenue, within the purview of the statute.

For the above error, the judgment is reversed, with directions to dismiss the action.