(No. 5273.  Decided July 14, 1905.)

A. E. GREENUS *et al.*, *Appellants*, v. THE CITY OF SEATTLE, *Respondent*.1

Appeal from a judgment of the superior court for King county, Bell, J., entered March 28, 1904, in favor of the city, upon excluding all evidence offered, dismissing an appeal from a city council's levy of a special assessment.  Reversed.

*McClure & McClure*, for appellants.

*Mitchell Gilliam, Hugh A. Tait*, and *Wm. Parmerlee (James B. Howe*, of counsel), for respondent.

PER CURIAM.—This appeal involves the same question discussed by this court in *Ahrens v. Seattle, ante*, p. 168, decided July 14th, 1905; and for the reasons there assigned the cause is remanded to the superior court, with instructions to vacate the judgment confirming the assessment roll, and then proceed to a full trial and judgment upon all questions of law and fact involved in the objections to the assessment, permitting the formal introduction of testimony and hearing and determining the case as is done in equity causes.  Appellants shall recover their costs on this appeal.

-------

(No. 5224.  Decided July 14, 1905.)

FRED RICE ROWELL, *by Ida M. Crosbie (substituted), Administratrix, et al., Appellants*, v. THE CITY OF SEATTLE, *Respondent*.1

Appeal from a judgment of the superior court for King county, Bell, J., entered March 28, 1904, in favor of the city, upon excluding all evidence offered, dismissing an appeal from a city council's levy of a special assessment.  Reversed.

*Walter B. Beals* and *Oliver Anderson*, for appellants.

*Mitchell Gilliam, Hugh A. Tait*, and *Wm. Parmerlee (James B. Howe*, of counsel), for respondent.

PER CURIAM.—This appeal involves the same question discussed by this court in *Ahrens v. Seattle, ante*, p. 168, decided July 14th, 1905; and for the reasons there assigned the cause is remanded to the superior court, with instructions to vacate the judgment confirming the assessment roll, and then proceed to a full trial and judgment upon all questions of law and fact involved in the objections to the assessment, permitting the formal introduction of testimony and hearing and determining the case as is done in equity causes.  Appellants shall recover their costs on this appeal.

1Reported in 81 Pac. 560.