[No. 11292. Department One. January 6, 1914.]

SIVYER & SONS COMPANY, *Respondent*, v. THE CITY OF
SPOKANE, *Appellant*.[1]

MUNICIPAL CORPORATIONS — IMPROVEMENTS — ASSESSMENTS — DIS-
TRICTS—PROPERTY INCLUDED—"PLATTED PROPERTY" — STATUTES—CON-
STRUCTION.  Under 3 Rem. & Bal. Code, § 7892-13, providing that the
assessment district shall include all property between the termini
of said improvement abutting upon, adjacent, vicinal or proximate
to the street improved, to a distance back to the center line of the
block, and in case the property is unplatted, the distance back shall
be the same as that included in the assessment of the platted lands
immediately adjacent thereto, the term "block" was intended to refer
to a square included by four streets as located by the prevailing
scheme of streets in the locality; and "platted" property refers to
that included by the regularly placed intersecting streets where the
lands are capable of being platted; and "unplatted" lands refers to
lands not so included; hence, where the next street to the north had
been dedicated through only part of the abutting lands, the other
portion of such lands is "unplatted," if capable thereof, and cannot
be assessed back further than the immediately adjoining platted
property, which extended back only half way to the next street.

Appeal from a judgment of the superior court for Spo-
kane county, Sullivan, J., entered March 12, 1913, sustain-
ing objections to an assessment roll, on appeal from the city
council. Affirmed.

*H. M. Stephens, Wm. E. Richardson, Ernest E. Sar-
geant*, and *Dale D. Drain*, for appellant.

*Hamblen & Gilbert*, for respondent.

ELLIS, J.—This action arose upon an appeal to the su-
perior court from so much of an order of the city council
of Spokane, confirming an assessment roll for the paving of
Seventh avenue from Howard street to Monroe street, as
affected the property of the objector, Walter C. Sivyer &
Sons Company. We reproduce from appellant's brief a plat
of the improvement district which, though not introduced in
evidence, was, in argument, admitted to be correct.

[1]Reported in 137 Pac. 808.

The shaded portions represent the property included in
the district. The objector's property is in that part of the
district north of Seventh avenue, and comprises the two tracts
numbered 12 and 13 in small figures. Seventh avenue runs
east and west; Howard and Monroe streets, north and south.
Between these two streets, Seventh avenue is intersected only
by Lincoln street, also running north and south, parallel
with, and about 300 feet east of Monroe street. About the
width of an ordinary city block, or 300 feet to the east of,

and parallel with Lincoln street, is a narrow street called Post street, which does not extend through to Seventh avenue, but terminates in a *cul de sac* about 150 feet north of Seventh avenue. About 300 feet east of Post street, and about 150 feet to the west of Howard street is Wall street, also running north and south to within about 150 feet north of Seventh avenue, where, like Post street, it terminates in a *cul de sac*. The first continuous east and west street north of Seventh avenue is Fifth avenue, and is over 600 feet, or a little more than two ordinary city blocks, distant from Seventh avenue. Sixth avenue, about 300 feet north of Seventh avenue, is not a continuous street. It runs from Howard street west to an intersection with Post street, where it terminates on the east side of the objector's property, and, beginning again on the west side of objector's property, it runs from Lincoln street west to Monroe street. Sixth avenue has never been dedicated or opened as a public street across the objector's property between Post and Lincoln streets, a distance of about 300 feet. All of the territory included in the assessment district and the environing property was, in 1883, platted as Second Addition to Railroad addition to Spokane Falls, now Spokane. The property lying north of Seventh avenue and between Lincoln street on the west, Wall street and Wall street extended, on the east, and Fifth avenue on the north, was never divided into lots and blocks save that the part included by a line drawn parallel to, and about 150 feet north of Seventh avenue, and by Wall street, Fifth avenue and Lincoln street, was designated on the above mentioned plat as block B. The strip 150 feet wide, lying between this tract and Seventh avenue has never been platted into blocks and lots. Seventh avenue south of this tract has been platted as Hill Park. A half block at the easterly end of the assessment district immediately north of Seventh avenue, between Howard street and Wall street, designated on the plat as block 95, and the whole block at the extreme west end of the district, between Monroe street and Lincoln street,

designated as block 57, have been subdivided into lots. The assessment district to the north of Seventh avenue was made to include the south half of blocks 57 and 95, and a strip of about equal width to the south half of these blocks, extending from the south end of Wall street to the south end of Post street. Thence, the district extends north along the west line of Post street to a point about half way between Seventh avenue and Fifth avenue; thence east along what would be the north line of Sixth avenue were it extended across objector's property to the east line of Lincoln street; thence south to a point opposite the east and west middle line of block 57, thus including in the district property of the objector lying between Post street and Lincoln street not abutting upon, but more than half an ordinary city block distant from the improvement. None of the property between Lincoln street and Wall street north of Seventh avenue to Fifth avenue has ever been platted or subdivided into lots except by a plat prepared and long used in the county assessor's office for convenience in assessments for taxes. The trial court, on an inspection of the assessment roll, sustained the objections to the roll on the ground that objector's property could not be included legally within the assessment district. The city appeals.

The sole question presented is: Can the respondent's property be legally included in the district, under the provisions of section 13 of the act of 1911, Laws of 1911, page 446, which, so far as here material, reads as follows:

"Except in the cases herein otherwise specifically provided for and unless otherwise provided in the ordinance ordering such improvement, such district shall include all the property between the termini of said improvement abutting upon, adjacent, vicinal or proximate to the street, avenue, lane, alley, boulevard, park drive, parkway, public place or square proposed to be improved to a distance back from the marginal lines thereof to the center line of the blocks facing or abutting thereon; *Provided*, That in any case such distance back shall be at least ninety (90) feet: *And provided further*, That in

case of unplatted property, the distance back shall be the same distance as that included in the assessment of the platted lands immediately adjacent thereto.   All property included within said limits of such local improvement district shall be considered and held to be the property and to be all the property specially benefited by such local improvement, and shall be the property to be assessed to pay the cost and expense thereof or such part thereof as may be chargeable against the property specially benefited by such improvement, which cost and expense shall be assessed upon all of said property so benefited in accordance to the special benefits conferred on such property in proportion to area and distance back from the marginal line of the street, or other public way or area improved."   (3 Rem. & Bal. Code, § 7892-13.)

It is clear that, in enacting this law, the legislature had in mind two classes of property, namely, that platted into ordinary city blocks and usually regarded as platted property, and that not so platted.   We find it unnecessary to enter into the extended discussion of decisions from other jurisdictions invited by the briefs as to the abstract definition of the word "block," since the act itself, by an unmistakable inference, leaves that question to be solved by a reference to the particular plat in which the assessment district is located. This is made clear by the proviso as to the inclusion in the district of unplatted property "that the distance back shall be the same as that included in the assessment of platted lands immediately adjacent thereto."   Obviously, the legislature never intended to use the word "block" in the broad sense of a square included by four streets, how far soever apart and how large soever the resulting square, but did intend the square included by four streets as located by the system or scheme of streets prevailing generally in the environing city plat in which the given assessment district may be located. By "platted property" is evidently intended lands so included by the regularly placed intersecting streets and by "unplatted property" is intended lands not so included.   Fractional blocks and irregular blocks produced by interference with the general street scheme, by the topography of the ground,

by joining up with other additions, or by diagonal streets, would, of course, be treated as platted property. *Felt v. Ballard*, 38 Wash. 300, 80 Pac. 532. But land so situated and of such topography as to be capable of subdivision into ordinary blocks and fractions of blocks by the extension through it of the abutting streets, so as to preserve the general vicinal street scheme and make the land when so platted fairly conform to the surrounding regularly platted lands, must, until subdivided, be regarded as unplatted land, within the meaning of the act. Any other construction would leave the assessing officers without any guiding rule for even approximate uniformity, and would, in most instances, subject the owner of such property to an assessment on his property lying at a greater distance from the proposed improvement than that of other owners of adjacent platted lands in the same district and would, in many cases, subject the owner to an assessment on property not abutting on nor any part of it within a distance from the improvement equal to one-half the width of an ordinary city block. It would also subject such property in most instances to a double assessment, one for the improvement in the given district, the other for the improvement of the parallel street when extended through the property. To hold that the legislature, by the use of the word "block" and its reference to unplatted property, intended no other distinction than that between a tract of land, however large, surrounded by streets, and land ordinarily known as acreage, as contended by the appellant, would inevitably lead to the inequitable results above pointed out.

If the respondent's property were so situated by reason of the character of the ground or of other physical obstacles, or so improved as to raise a presumption that Sixth avenue would never be extended through it, the case would be different, since in such a case the respondent's property would forever escape assessment for the improvement of cross streets unless the land so rendered incapable of subdivision were

treated as a permanent, though irregular, block and subjected to assessment as such to half its depth. The justness of this distinction is plain. *Cooper v. Nevin*, 90 Ky. 85, 13 S. W. 841; *Specht v. Barber Asphalt Paving Co.*, 26 Ky. Law 193, 80 S. W. 1106. Here no such case is presented. On the contrary, it is not even suggested that there is anything to prevent the extension of Sixth avenue through the tract in question.

We do not hold that the mere fact that a block is materially larger than other blocks is alone sufficient to withdraw the land therein from the operation of the statute as applied to platted lands, but we do hold that land readily susceptible to subdivision into blocks of ordinary size by a mere extension of abutting streets, which has never been so subdivided, is unplatted land.

We are of the opinion that the tract extending from Seventh avenue to Fifth avenue, and between Lincoln street and Post street extended, is unplatted land, within the meaning of the statute, and that the line of the assessment district should have been extended back upon it no further than upon the platted property on the one side and on the unplatted property on the other. This, as we understand the record, would exclude the respondent's property.

We find no error in the court's decision.

It is affirmed.

Crow, C. J., Gose, Chadwick, and Main, JJ., concur.