(September 2, 1921.)

## CORNELIA B. AMSBARY, Respondent, v. THE CITY OF TWIN FALLS, IDAHO, a Municipal Corporation, Appellant.

[200 Pac. 723.]

STATUTES IN PARI MATERIA—CONSTRUCTION—PAVING—LATERAL STREET — IMPROVEMENT DISTRICT — ASSESSMENT — CORNER LOT — INSIDE LOTS—APPEAL TO DISTRICT COURT—PROCEDURE.

1. Statutes *in pari materia* should be construed together and in such a way as to give effect to the provisions of each.

2. Under C. S., secs. 4000 and 4005, the cost of paving a lateral street should not be assessed entirely to the corner lot, but should be assessed to all the lots to the center of the block, in proportion to the benefits derived.

3. Upon an appeal from an assessment for street paving made by a city council, the district court has power to modify the assessment on the property of the party taking the appeal.

4. Upon such appeal, the district court has no power to modify the assessment on any other property than that of the party taking the appeal.

5. Upon such appeal, the testimony of land owners and real estate men of the city is admissible as to whether property within the improvement district is benefited and how much.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. O. R. Baum, Judge.

Appeal from a judgment of the District Court modifying an assessment for street paving. *Affirmed.*

Walters, Hodgin & Bailey, for Appellant.

Where costs of local improvements are assessed according to the front-foot rule it is assessed according to the benefits and the whole cost of the improvement on the lateral street should be assessed to the corner lot. (25 R. C. L. 151, par. 66, and authorities cited; *Youngstown v. Fishel,* 89 Ohio St. 247, Ann. Cas. 1915D, 1073, 104 N. E. 141, 109 N. E. 575, 50 L. R. A., N. S., 921, note; *Blackwell v. Village of Coeur d'Alene,* 13 Ida. 357, 90 Pac. 353; *Alexander v. Tacoma,* 35 Wash. 366, 77 Pac. 686; *City of Springfield v. Green,* 120 Ill. 269, 11 N. E. 261; *Gamma Alpha Bldg. Assn. v. City of Eugene,* 94 Or. 80, 184 Pac. 973; *Rich v. Woods,* 118 Ky. 865, 82 S. W. 578; 2 Elliott on Roads and Streets, 3d ed., sec. 683.)

The manner of arriving at an assessment cannot be questioned, but only the result. (*Alexander v. Tacoma,* 35 Wash. 366, 77 Pac. 686; *In re City of Seattle,* 46 Wash. 63, 89 Pac. 156; *In re City of Seattle v. Meteor Land Co.,* 50 Wash. 402, 97 Pac. 444; *City of Seattle v. Puget Sound Imp. Co.,* 47 Wash. 42, 91 Pac. 548.)

The front-foot rule is valid. (*State ex rel. Oliver Iron Mining Co. v. City of Ely,* 129 Minn. 40, Ann. Cas. 1916B, 189, 151 N. W. 545.)

Taylor Cummins and Asher B. Wilson, for Respondent.

Property within the district must not be omitted from assessment, and the apportionment according to benefits must be made to the center of the block. (Sec. 4005, C. S.; *Felt v. Ballard,* 38 Wash. 300, 80 Pac. 532; *Blair v. City of Atchison,* 40 Kan. 353, 19 Pac. 815; *Olson v. City of Topeka,* 42 Kan. 709, 21 Pac. 219; *Parker v. City of Atchison,* 48 Kan. 574, 30 Pac. 20; *Veatch v. Gibson,* 29 Ida. 609, 160 Pac. 1112.)

The appeal to the district court is a proceeding *de novo,* based upon questions of both law and fact. The statute directs the court to confirm, modify or annul the assessment in so far as the same affects the property of the appellant

(respondent here).   (Sec. 4012, C. S.; *Ahrens v. City of Seattle,* 39 Wash. 168, 81 Pac. 558; *In re Pike Street, in City of Seattle,* 42 Wash. 551, 85 Pac. 45; *Hughes v. City of Portland,* 53 Or. 370, 100 Pac. 942; *Veatch v. Gibson, supra.*)

The enhancement in value of the real estate, exclusive of the improvements thereon, furnished the primary test of special benefits.   (*Blackwell v. Village of Coeur d'Alene,* 12 Ida. 357, 90 Pac. 353; *McGilvery v. City of Lewiston,* 13 Ida. 338, 90 Pac. 348; 2 Page and Jones' Taxation by Assessment, secs. 653, 654, 657.)

McCARTHY, J.—Respondent is the owner of lot 16, of block 15, in the city of Twin Falls, Idaho, a municipal corporation.   It is a corner lot.   The city, the appellant, is paving the lateral street upon which that lot abuts. The city council of appellant assessed to respondent's lot the entire cost of paving that portion of the street upon which it abuts.   Respondent appealed to the district court for Twin Falls county, under C. S., sec. 4011, claiming that the assessment was invalid.   On appeal the matter was heard as an equitable cause.   The court found that lots 13, 14 and 15, the inside lots, together with the corner lot in question, comprise an improvement district, and that said lots extend only one-half way across the block, that the assessment is unfair and inequitable in that all of the property in said improvement district is not assessed in proportion to the benefits derived, that the assessment as made is confiscatory, and that lot 16 will not be benefited to exceed 50 per cent of the cost of the paving in question. A decree was entered modifying the assessment on lot 16 so that it should be chargeable with an amount of the cost of the lateral paving equal to 50 per cent thereof, or $239.38, plus $272.60, the assessment made by the council for the paving of the street in front of the lot, making a total assessment of $511.98, instead of a total assessment of $751.35.   From this decree appellant appeals to this court.   There is no controversy over the assessment against

respondent's property for paving in front of the lot, the only controversy being over the assessment for the lateral paving.

Appellant's principal assignments of error are the following: First, that the court erred in its finding that the assessment by the council was not in accordance with the statutes; second, in finding that all of the property in the improvement district was not assessed in proportion to the benefits derived; third, in finding that the assessment was confiscatory; fourth, in finding that respondent's lot will not be benefited to exceed 50 per cent of the cost of the lateral paving; fifth, in fixing 50 per cent as the proportion of the cost of the said paving to be assessed against respondent's lot without determining and fixing the amount to be assessed against the remaining lots between respondent's and the center of the block; sixth, in admitting testimony over the objections of the appellant.

"A municipal corporation may . . . . pave . . . . any highway, street or alley therein, in whole or in part, and levy a special tax on the lots and parcels of land fronting, contiguous or tributary on such highway, street or alley, to pay the expense thereof." (C. S., sec. 3944.)

"The assessment of the cost and expense of any work or improvement provided for in sections 3942 and 3944 shall be assessed upon the abutting, contiguous and tributary lots and lands, and lots and lands included in the improvement district formed, each lot and parcel of land being separately assessed for the full debt thereof in proportion to the number of feet of such lands and lots fronting thereon or included in the improvement district, and in proportion to the benefits derived to such property by said improvement sufficient to cover the total cost and expense of the work to the center of the street." (C. S., sec. 4000.)

"By the provisions of such ordinance a local improvement district shall be established, to be called 'Local improvement district No. ——,' which shall include all the

property fronting or abutting on, contiguous or tributary to the street to be improved, between the points named in such resolution or ordinance to the distance back from such street, if platted in blocks to the center of the block; if platted in lots to the center of the lots; and if not platted, to the distance of 125 feet.

"Such ordinance shall provide that such improvements shall be made and that the cost and expense thereof shall be taxed and assessed upon all property in such local improvement district, which cost shall be assessed in proportion to the number of feet of such lands and lots fronting thereon, or abutting, contiguous or tributary thereto, and included in said improvement district and in proportion to the benefits derived by said improvement; *Provided,* that the city council or trustees may expend from the general fund for such purposes such sums as, in their judgment, may be fair and equitable in consideration of benefits accruing to the general public by reason of such improvement." (C. S., sec. 4005.)

It is conceded that the paving in question was done under the provisions of the above-named statutes. The principal question in the case turns on their construction. Appellant contends that the provisions of section 4000 are exclusive as to the method of assessment, and mean that the entire cost of the lateral paving must be assessed to the corner lot. Respondent contends that the provisions of sections 4000 and 4005, taken together, provide the method of assessment, and mean that the cost of the lateral paving shall be spread over the lots to the center of the block, in proportion to the benefits received. Appellant argues that, because sec. 4000 is headed "Bases of assessments," and sec. 4005 is headed "Ordinance creating improvement district," the provisions of the former are exclusive in regard to the method of assessment, and the latter relates only to the territory which shall be included. These subheads or titles are peculiar to the Compiled Statutes, and were not included in the original statutes or

their many intervening re-enactments. They are not really a part of the act. No particular weight attaches to them. The legislative intent as expressed in both sections read together should prevail. They should be construed together, and so as to give effect to the provisions of each, if possible. (*Peavy v. McCombs,* 26 Ida. 143, 140 Pac. 965.)

Sec. 4005 clearly provides that there shall be included in the improvement district all the property fronting or abutting on, contiguous or tributary to the street to be improved, between the points named in the resolution or ordinance, to the distance back from such street, if platted in blocks, to the center of the block. The second paragraph of the section provides that the costs of the improvement shall be taxed and assessed upon all the property in such local improvement district in proportion to the number of feet of such lands and lots fronting thereon, or abutting, contiguous or tributary thereto, and included in the said district, and in proportion to the benefits derived by said improvement. Sec. 4000 provides that the cost shall be assessed upon the abutting, contiguous and tributary lands and lots, and lots and lands included in the improvement district formed, each lot being assessed in proportion to the number of feet fronting on the improvement, or included in the improvement district and in proportion to the benefits derived. The terms "abutting on" and "contiguous" are synonymous, both conveying the idea that the lot borders on the improvement. (Webster's New International Dictionary; Century Dictionary; 2 Words and Phrases, p. 1495.) The word "tributary" is not synonymous with "abutting" or "contiguous," but is a broader term. Its meaning, as applied to the context, is "paying or yielding tribute, taxed or assessed by tribute." (Century Dictionary.) It is aptly used to connote the idea expressed in sec. 4005 that the improvement district shall include the lots to the center of the block, and clearly refers to the inside lots. Reading both sections together, it seems clear that the legislature considered the block a unit, and in-

tended that the property should be assessed to its center. The language used applies to assessments for paving the lateral street, as well as the main street, and means that the assessment for the lateral paving shall be spread over the lots from the corner to the center of the block. This construction is borne out by the fact that both sections provide that the assessment must be in proportion to benefits derived, for it is clear that the inside lots do derive some benefit. In construing a statute containing similar language this court has held that the benefits are the most important consideration. (*Blackwell v. Village of Coeur d'Alene,* 13 Ida. 357, 90 Pac. 353.) The construction placed upon these statutes, and the basis of assessment adopted, by the district court, were correct.

Many cases are cited by appellant to the effect that a front-foot assessment will be upheld as constitutional. This is true, but that principle obtains, and the authorities cited are in point, only if the statute in question provides for such an assessment. If the statute provides for spreading the assessment to the center of the block, it is held that it is a valid statute, and the property should be so assessed. (*Olsson v. City of Topeka,* 42 Kan. 709, 21 Pac. 219; *Felt v. City of Ballard,* 38 Wash. 300, 80 Pac. 532.)

It is argued that the court had no power to fix the assessment for the particular lot, but at most had only the power to set aside the assessment and refer it back to the council, if it concluded that the assessment was invalid. C. S., sec. 4012, under which the appeal to the district court was taken, provides that it shall be tried in said court as in the case of equitable cases, that ''the judgment of the court shall be either to confirm, modify or annul the assessment in so far as the same affects the property of the appellant.'' This language clearly implies a trial *de novo,* with power on the part of the court to modify the assessment as seems right. It is true that this is a rather unusual procedure, courts usually having only the power to set aside an assessment, and refer it back

to the body making it in the first instance. However, there is no question but that the legislature can confer such power upon a court, and it has clearly done so. The exercise of such power by a court, under a somewhat similar statute, has been upheld in the following decisions: *Ahrens v. City of Seattle,* 39 Wash. 168, 81 Pac. 558; *Greenus v. City of Seattle,* 39 Wash. 703, 81 Pac. 560; *In re Pike Street, in City of Seattle,* 42 Wash. 551, 85 Pac. 45.

Next, it is argued that the court erred in fixing the amount of the assessment on respondent's property, without fixing the assessment on the other lots to the center of the block. C. S., sec. 4012, limits the power of the court to confirming, modifying or annulling the assessment, in so far as it affects the property of the appellant. Moreover, upon general principles, the court would have no jurisdiction to pass upon the rights of the other property owners who were not parties to the proceeding.

It is next contended that the court erred in admitting testimony. This is a very general specification. If counsel mean that the court should not have admitted any testimony, other than the record made by the council in making the assessment, a sufficient answer is that C. S., sec. 4012, provides that the appeal shall be tried as in the case of equitable cases. This necessarily implies the power to admit any relevant and competent testimony. The specific testimony to which objection was made is that of witnesses as to whether or not the inside lots are benefited and how much the corner lot is benefited. The witnesses are all property owners in Twin Falls and most of them are engaged in the real estate business. The issue before the court being whether the assessment should be modified, the admission of such testimony is justified by the same principle, and for the same reasons, which justify the admission of opinion evidence, in any case, in which the value of property is at issue.

Finally, it is urged that the court erred in fixing the assessment on respondent's lot at 50 per cent. We hold

that the court adopted the right method.  As in other cases of assessment, it is impossible to arrive at a conclusion with mathematical nicety.  The evidence supports the decision, and we see no ground for setting it aside.

The judgment is affirmed, with costs to respondent.

Dunn and Lee, JJ., concur.

Rice, C. J., concurs in the result.

Budge, J., did not sit at the hearing and took no part in the decision.