170 P.2d 601
McNAUGHTON et al. v. NEWPORT, Commissioner of Finance.
No. 7295.

Supreme Court of Idaho.
June 28, 1946.

Frank Langley, Atty. Gen., and R. W. Beckwith, Asst. Atty. Gen., for appellant.

William F. McNaughton, of Coeur d'Alene, and Therrett Towles, of Spokane, Wash., for respondents.

HOLDEN, Justice.

John Dolan died testate April 12, 1945, in the State of Washington. His last will and testament was admitted to probate April 27, 1945 in the Superior Court of the County of Spokane. William F. McNaughton, a resident of the State of Idaho, and the Seattle-First National Bank, operating through its Spokane branch were, by said court, appointed executors of the last will and testament of said decedent, and thereupon qualified as such, and ever since have been and are the duly appointed, qualified and acting executors of the last will and testament of said deceased. At the time of his death decedent was the owner of 1,000 shares of the capital stock of Dayrock Mining Company, 40,121 shares of the capital stock of Highland-Surprise Consolidated Mining Company, and 21,000 shares of the capital stock of the Chester Mining Company. These shares were of the value of approximately $39,500, practically all of which stood in the name of decedent. There were no dividends or income due the estate of decedent on any of said shares at the time of his death, and decedent owned no real estate in Idaho. However, a number of the certificates representing decedent's ownership of stock in said Chester Mining Company were in decedent's safety deposit box in a bank in the County of Shoshone, Idaho, while certificates for the balance of the stock hereinbefore mentioned were in possession of decedent at the time of his death in the State of Washington, and certificates representing all of said stock are now in the possession of respondents as executors of the will of said decedent. The Commissioner of Finance of the State of Idaho claimed the transfer of said shares of stock from decedent, as a result of his death, was subject to the inheritance tax imposed by the provisions of the Transfer and Inheritance Tax Act of the State of Idaho, particularly Sections 14-403 and 14-408, I.C.A.

This action was commenced in the Probate Court of the County of Shoshone, State of Idaho to secure a declaratory judgment determining whether the stock owned by the decedent in said Idaho corporations is taxable under our Transfer and Inheritance Tax Act or whether such stock is exempt from the payment of an inheritance tax.

In the complaint, it was alleged, so far as is pertinent here, that:

"Plaintiffs allege and assert that the transfer of said shares of stock incident to the death of said decedent is not subject to the inheritance taxes imposed by said Transfer and Inheritance Tax Act of the State of Idaho, or to any inheritance taxes of the State of Idaho, and that said shares of stock are not subject to any lien securing

the payment of any such inheritance taxes; that said shares of stock never had any situs in the State of Idaho; and that the State of Idaho has no power or jurisdiction to levy or assess or collect any inheritance taxes upon said shares of stock or the transfer thereof, incident to the death of said decedent.

"Plaintiffs further allege and assert that the State of Washington, acting by and through the Tax Commission thereof, which is the administrative body of said State charged by the statutes of said State with the duties of exercising general supervision of the collection of inheritance taxes due said State, intends to and will levy a tax upon the transfer of said shares of stock, incident to the death of said deceased, based upon the full value thereof as required by the laws of the State of Washington.

"Plaintiffs further allege and assert that the imposition of an inheritance tax upon the transfer of said shares of stock incident to the death of said decedent will impose a greater burden upon transfers of said shares of stock in said corporations by plaintiffs as executors of the estate of the decedent, or by the beneficial owners of said stock, than is imposed by transfers of stock in said corporation by residents of the State of Idaho, in violation of the provisions of said Section 14-403, Idaho Code Annotated, of said Act, and the expressed intent thereof.

"Plaintiffs further allege and assert that as hereinbefore set forth, the State of Washington, in accordance with statutory enactment in force and effect at the time of decedent's death, did not impose an inheritance tax upon any transfer of intangibles, however used or held, whether in trust or otherwise, by any person, or by reason of the death of any person who, at the time of his death, was domiciled in a State of the United States other than the State of Washington, and the imposition of an inheritance tax upon the transfer or [sic] said shares of stock incident to the death of said decedent, will and does violate the provision of said Section 14-408, Idaho Code Annotated, of said Act, to the effect that such a tax shall not be payable in respect of intangible personal property if decedent is a resident of a state of the United States which at the time of his death did not impose a legacy or succession tax or a death tax of any character in respect of intangible personal property within said State of residents of the State of Idaho."

August 31, 1945, appellant Commissioner answered the complaint so filed in the Probate Court by the executors. He admitted all the allegations of the complaint excepting those contained in the paragraphs, above quoted. Those appellant Commissioner denied. The cause was tried before Hon. Thomas B. Kelly, sitting without a jury, September 22, 1945. October 12, 1945, findings of fact and conclusions of law were made and filed and judgment and decree entered thereon in favor of respondents and against appellant. October 22,

1945, Commissioner Newport appealed from the judgment of the Probate Court to the District Court of the First Judicial District of the State of Idaho in and for the County of Shoshone.

The cause was tried *de novo* in that court November 19, 1945, before Hon. Albert H. Featherstone, sitting without a jury. December 11, 1945, findings of fact and conclusions of law were made and filed and on the same day judgment was entered thereon in favor of respondents and against appellant Commissioner. The appeal to this court is from the judgment of the District Court.

Our Transfer and Inheritance Tax Act was enacted in 1929, Chap. 243, S.L.1929, p. 469. It is now Chapter 4, Sections 14-401 to 14-428, I.C.A., both inclusive. So far as material here, Section 14-403 (formerly Section 3 of Chapter 243 of our 1929 Transfer and Inheritance Tax Act) provides:

[14-403, I.C.A.] "Tax on shares of stock in domestic corporation owned by nonresident.—1. All shares of stock in corporations organized under the laws of this state and any interest therein or income therefrom, in trust or otherwise, belonging to persons whose domicil is without the state shall, upon the death of the owner be subject to a tax on the market value thereof, upon its transfer to persons, institutions or corporations, not hereinafter exempted, to be paid to the county treasurer of the county wherein is located such corporation's principal place of business, and by him paid into the state treasury to the credit of the general fund.

\*　　\*　　\*　　\*　　\*　　\*

"It is intended that the tax imposed by this section shall not impose a greater burden upon transfers by nonresidents than is imposed upon transfers by residents, and this section shall be construed so as to make this intent effective."

Section 14-408, I.C.A., provides:

[14-408.] "Reciprocal exemption.—The tax imposed by this act in respect of intangible personal property shall not be payable if the decedent is a resident of a state or territory of the United States which at the time of his death did not impose a legacy or succession tax or a death tax of any character in respect of intangible personal property within said state or territory of residents of this state, or if the laws of the state or territory of residence of the decedent at the time of his death contained a reciprocal provision under which nonresidents were exempted from legacy or succession taxes or death taxes of every character in respect of intangible personal property providing the state or territory of residence of such nonresidents allowed a similar exemption to residents of the state or territory of residence of such decedent. For the purposes of this section the District of Columbia shall be considered a territory of the United States."

Since March 21, 1941, Section 11201a of the Inheritance Tax Act of the State of

Washington (Remington's Revised Statutes of Washington Annotated, 1941 Supplement, page 583) has provided, and still provides:

"11201a. Exemption of intangibles of non-resident. (a) Nothing in this act shall be construed as imposing a tax upon any transfer, as defined in this act, of intangibles, however used or held, whether in trust or otherwise, by any person, or by reason of the death of any person who at the time of his death was domiciled in a territory or state of the United States other than the State of Washington. The provisions of this section shall apply to all cases subject to the provisions thereof, whether the death occurred prior to the passage of this act or subsequent thereto."

At the outset, we point out that Sections 14-403 and 14-408, I.C.A., were and are integral parts of our Transfer and Inheritance Tax Act; are upon the same matter or subject, to wit, imposing a tax on transfers of property, including transfers by gift, legacy, inheritance, bequest, devise, succession or otherwise; hence, are *in pari materia* and must be construed together so as to give effect to the provisions of each, if possible. Union Pac. R. Co. v. Riggs, 66 Idaho 677, 166 P.2d 926, 927; Meyers v. City of Idaho Falls, 52 Idaho 81, 89, 11 P. 2d 626; Perrault v. Robinson, 29 Idaho 267, 158 P. 1074; Peavy v. McCombs, 26 Idaho 143, 140 P. 965; Achenbach v. Kincaid, 25 Idaho 768, 140 P. 529; Oneida County v. Evans, 25 Idaho 456, 138 P. 337; State v. Dunbar, 39 Idaho 691, 230 P. 33; State v. Kelley, 39 Idaho 668, 229 P. 659; Cook v. Massey, 38 Idaho 264, 220 P. 1088, 35 A.L. R. 200; Amsbary v. City of Twin Falls, 34 Idaho 313, 200 P. 723; Noble v. Bragaw, 12 Idaho 265, 85 P. 903; Brown v. Bryan, 6 Idaho 1, 51 P. 995.

It will be observed the legislature by the very same section (14-403, supra), which imposes the tax, expressly states it is its intention "that the tax imposed by this section shall not impose a greater burden upon transfers by nonresidents than is imposed upon transfers by residents, and this section shall be construed so as to make this intent effective." It will be further observed the legislature further expressly provided (Sec. 14-408, supra) that "the tax imposed by this act in respect of intangible personal property shall not be payable if the decedent is a resident of a state * * * of the United States which at the time of his death did not impose a legacy or succession tax or a death tax of any character in respect of intangible personal property within said state * * * of residents of this state, or if the laws of the state * * * of residence of the decedent at the time of his death contained a reciprocal provision under which nonresidents were exempted from legacy or succession taxes or death taxes of every character in respect of intangible personal property providing the state * * * of residence of such nonresidents allowed a similar exemption to residents of the state

\* \* \* of residence of such decedent." Stated tersely, and in substance, it is provided by our statute (Sec. 14-408, supra) that the tax it imposes shall not be payable *if* the laws of the state of a decedent, at the time of his death, contained a provision similar to the provision of our statute, exempting intangible personal property of nonresident decedents from the payment of legacy, succession or death taxes. Hence, the question at once arises: Did the laws of the State of Washington, at the time of the death of John Dolan, April 12, 1945, contain a provision similar to the provision of our statute, exempting nonresident decedents from the payment of an inheritance tax on intangible personal property?

This is what the laws of the State of Washington, as will have been noted, then, and in substance, provided concerning the exemption of intangibles of nonresidents: that nothing in the act (Inheritance Tax Act) should be construed as imposing a tax upon any transfer of intangibles by reason of the death of any person domiciled in any state or territory other than the State of Washington, whether held in trust or otherwise.

It appears the inheritance tax statute of the State of Washington is much broader than ours, in that our statute requires reciprocal exemption, while the Washington statute does not. It exempts intangibles owned by nonresidents from taxation regardless of any reciprocal exemption statute in another state.

■ Furthermore, reciprocal exemption provisions should be so construed as to avoid double taxation. In 28 Am.Jur., Inheritance, Estate, and Gift Taxes, Sec. 200, p. 104, it is said: "Many states endeavor to avoid the evil of the former rules permitting multiple taxation by different states of the same transfer by resort to reciprocal exemption laws, that is, laws exempting the personal property of residents of states which although imposing an inheritance tax on their own residents conferred a similar exemption to residents of the state in which such law was enacted. \* \* \*"

And in State v. Davis, 88 Kan. 849, 129 P. 1197, 1198, Ann.Cas.1914B, 688, the court said: " \* \* \* a purpose to require an individual to contribute to the public expense ought to be expressed with reasonable clearness. \* \* \* double taxation—the imposition of a like tax with respect to the same property in each of two jurisdictions—although not repugnant to any principle of constitutional law, is so contrary to natural justice that a purpose to exact it ought not to be imputed to the Legislature in any doubtful case. The desire to avoid double taxation is evident in this act as well as in those of most states that have legislated in the matter. As said in Dos Passos on Inheritance Tax Law (2d Ed.), p. 187: 'On grounds of pol-

98

icy and comity, * * * the rule has been not to impose what would be, in effect, a double tax on nonresidents' estates, where it can possibly be avoided.'"

We now quote 51 Am.Jur., Taxation, Sec. 286, p. 340: "* * * the courts are generally agreed that double taxation in any form is not favored, but is to be avoided, and that the intention of the legislature to impose it will not be presumed. Before a tax statute will be interpreted as providing for double taxation, the intention so to do must be shown by clear and unequivocal language which leaves no doubt as to the legislative intent."

■ The legislature of this state quite emphatically stated, in language free from any and all doubt, that the tax it levied must not be so construed as to "impose a greater burden upon transfers by nonresidents than is imposed upon transfers by residents." What could be clearer, then, than this? That it was the intention of the legislature that double taxation should be avoided, in that to double tax would "impose a greater burden upon transfers by nonresidents than is imposed upon transfers by residents."

Having reached this conclusion, we deem it unnecessary to consider any other questions discussed by either of the parties to the controversy.

Judgment affirmed. Costs awarded to respondents.

AILSHIE, C. J., and BUDGE, GIVENS and MILLER, JJ., concur.