(December 28, 1908.)

EMPIRE COPPER COMPANY, a Corporation, Respondent,
v. C. M. HENDERSON, Ex-officio Auditor and Recorder
of Custer County, Appellant.

[99 Pac. 127.]

Construction of Statute—Fee for Recording Proof of Annual As-
sessment Work.

1. In construing an act of the legislature the court should ascer-
tain and give effect to the legislative intent where that can be
ascertained.

2. Where the language of a legislative enactment is clear, then
the court cannot speculate upon the intentions of the legislature,
but must accept the interpretation of the act as it appears therein.

3. Under the provisions of Rev. Stat., sec. 3101, as amended by
an act of February 14, 1899 (Laws of 1899, p. 237), and an act
of March 13, 1899 (Laws of 1899, p. 440), the fee for recording
the affidavit of proof of labor is fifty cents for each claim named
in such affidavit.

(Syllabus by the court.)

APPEAL from the District Court of the Sixth Judicial
District of the State of Idaho, for Custer County.   Hon. J. M.
Stevens, Judge.

An application by respondent for *mandamus* to compel ap-
pellant, as ex-officio auditor and recorder of Custer county,
to file an affidavit of proof of labor upon thirty-three mining
claims for a fee of fifty cents.   Judgment for plaintiff.   De-
fendant appeals.   *Reversed.*

W. J. Lamme, for Appellant.

The general intent of the act should be kept in view in de-
termining the scope and meaning of any part.   (Sutherland
Stat. Constr., sec. 239; *State v. Roby,* 142 Ind. 168, 51 Am.
St. Rep. 174, 41 N. E. 145, 33 L. R. A. 213.)   The golden rule
of construction is to give effect to the ordinary and popular
meaning of words employed in a statute unless it is clear that
the law-making power intended otherwise.   (2 Sutherland

Stat. Constr., 2d ed., sec. 390; *Baker v. Payne,* 22 Or. 335, 29 Pac. 787; *Quigley v. Gorman,* 5 Cal. 418, 63 Am. Dec. 139; *Weill v. Kenfield,* 54 Cal. 111; *Maillard v. Lawrence,* 16 How. (U. S.) 251, 14 L. ed. 925.) Statutes will be construed with a view to ascertain the intent of the law-making power, and to give force and meaning to the language used. (*Idaho Mutual Co-operative Inc. Co. v. Meyers,* 10 Ida. 294, 77 Pac. 628.)

Nathan H. Clark, and Chase A. Clark, for Respondent.

It is admitted by demurrer that all these locations are contiguous and developed by common source. Therefore, we contend that, in the broader sense of the term, we have one mining claim composed of these thirty-three locations, and that on that claim composed of these locations we have performed the necessary amount of work. This is the construction placed upon a similar statute by the United States supreme court in the case of *St. Louis Smelting & Refining Co. v. Kemph,* 104 U. S. 636, 26 L. ed. 875.

STEWART, J.—The respondent presented to the defendant, as county recorder, for record an affidavit showing that $100 worth of work was performed and made upon and for the benefit of each of thirty-three separate mining claims at the expense of the Empire Copper Company, owners of said claims. The appellant demanded as a filing fee $16.50, or fifty cents for each claim named in said affidavit. The respondent tendered to appellant fifty cents, and demanded that said affidavit be filed and respondent refused to file the same. Thereupon, respondent applied to the district court for a writ of mandate, and after trial the district court issued a writ of mandate compelling appellant to file said affidavit upon the payment of fifty cents. The appeal is from the final judgment. The only issue presented upon this appeal is, whether when more than one claim is embraced in an affidavit proving annual assessment work upon mining claims, the county recorder is entitled to charge and receive more than fifty cents for filing such affidavit, or fifty cents for each claim named therein.

The solution of this question depends upon the construction to be given to sec. 3101 as amended by the act of February 14, 1899 (Laws of 1899, p. 237), and the act of March 13, 1899 (Laws of 1899, p. 440). This section reads:

"Within sixty days after any time set or period allowed for the performance of labor, or making improvements upon any lode, or placer claim, the person in whose behalf such work or improvement is performed or some person for him must make and record an affidavit in substance as follows:

"State of Idaho  ⎫
County of ———,  ⎬ ss.
            ⎭

"Before me, the subscribed, personally appeared ———, who being first duly sworn says that at least ——— dollars worth of work for improvements were performed or made upon ——— claim, situate in ——— mining district, county of ———, State of Idaho: That such expenditure was made by, for, or at the expense of ———, owner of said claim, for the purpose of holding said claim, and all stakes, monuments or trees marking boundaries of said claims are in proper place and positions.

                                "_____

"Subscribed and sworn to before me this —— day of ———, 189——.

                        "_____

"The fee for administering the oath and recording the foregoing affidavit, when taken before the county recorder or deputy mining recorder, shall be fifty cents; the fee for recording the same when the oath is taken before any other officer authorized to administer oaths, shall be fifty cents.

"Such affidavit, or a certified copy thereof in case the original is lost, shall be *prima facie* evidence of the performance of such labor. The failure to file such affidavit shall be considered *prima facie* evidence that such labor has not been done."

This section as amended becomes part of the general law in relation to "the manner of locating lode, quartz and placer claims; to determine boundaries thereof; to provide for discovery shafts or cross-cuts; to determine the form of location

certificates; to provide for the location of abandoned claims, assessment work, and proof thereof, and for amendment of location notices; to provide for security for surface owners," etc. An examination of the various provisions of this statute discloses they all relate to, and deal with, single mining claims as defined in sec. 2320 of the Rev. Stat. of the United States. Sec. 2320 of the Rev. Stat. of the United States fixes the extent of a mining claim "that it cannot exceed 1,500 feet in length along the vein or lode, and must not extend more than 300 feet on each side of the middle of the vein at the surface." In the acts referred to the legislature was dealing with mining claims in the singular number, and by the provisions of sec. 6 was attempting to provide for the recording and perpetuation of annual proofs of labor upon separate claims. The affidavit in terms has reference to the labor performed upon a single claim, and the fee to be charged for recording the affidavit would seem to be the fee fixed for recording an affidavit of proof of labor upon a single claim. It is, however, argued by the respondent, and no doubt the trial court adopted that theory, that inasmuch as there is nothing in the statute which prohibits an affidavit from embracing proof upon several claims and the fee fixed by the statute was for the recording of the affidavit, then although the affidavit embraced more than one claim, still the recorder could only charge one fee, and that the fee was for recording the affidavit whether it embraced one or more claims. While it is true there is nothing in the statute which prohibits embracing in the same affidavit more than one claim, yet, from the fact that the legislature was dealing with single claims and was providing for the recording of an affidavit of proof of labor upon a single claim, it would appear that the legislature intended to fix the fee with reference to the proof upon a single claim, and this court in determining the fee to be charged for recording the affidavit must be guided by the intent of the legislature as disclosed by the act itself.

Mr. Sutherland on Statutory Construction, vol. 2, sec. 363, lays down the rule of law as follows:

"The intent is the vital part, the essence of the law, and the primary rule of construction is to ascertain and give ef-

fect to that intent. 'The intention of the legislature in enacting a law is the law itself, and must be enforced when ascertained, although it may not be consistent with the strict letter of the statute.' . . . . 'Intent is the spirit which gives life to a legislative enactment.' 'In construing statutes the proper course is to start out and follow the true intent of the legislature, and to adopt that sense which harmonizes best with the context, and promotes in the fullest manner the apparent policy and objects of the legislature.'"

In sec. 364 the same author says:

"It is the intent of the law that is to be ascertained, and the courts do not substitute their views of what is just or expedient. Courts are not at liberty to speculate upon the intentions of the legislature where the words are clear, and to construe an act upon their own notions of what ought to have been enacted."

The language of the statute under consideration, when read as a whole, is clear, and would seem to furnish its own interpretation. The provisions of the act throughout deal with mining claims in the singular; all the references in the act are to single mining claims, and when provision is made for making proof of annual assessment work, it is in relation to a single mining claim. If the proof to be made has reference to a single mining claim, and the fee to be charged is for recording the affidavit of proof upon a single claim, then it would necessarily seem to follow that if the affidavit furnished proof of labor upon more than one claim, the charge to be made should be with reference to the number of claims embraced in such affidavit. This construction of the statute harmonizes all its provisions, and gives effect to the language of the statute as enacted. If a fifty cent fee for each claim is an excessive charge, where many claims are embraced in the same affidavit, then the place to correct this evil is with the legislature. The court in construing an act must give effect to the intent of the legislature where that appears, and in this case, to our minds, it is clear that the legislature, in providing for annual proof, was dealing with the proof upon a single claim, and that the charge to be made by the county recorder was for recording the proof upon a single claim. We do not intend to hold by

this opinion that an affidavit of proof of labor cannot embrace more than one claim, for we think it can, but if the affidavit should embrace proof for more than one claim, then the recorder may charge the fee fixed by the statute with reference to the proof upon each claim. The judgment in this case will be *reversed* and the trial court will be directed to sustain the demurrer to the complaint and enter a judgment dismissing the case. Costs awarded to the appellant.

Ailshie, C. J., and Sullivan, J., concur.