(November 18, 1915.)

## OREGON SHORT LINE RAILROAD COMPANY, a Corporation, Respondent, v. MINIDOKA COUNTY, SCHOOL DISTRICT NO. 5 and WILSON BOWLBY, Treasurer, Appellants.

[153 Pac. 424.]

LAWS—CONFLICT IN—ENACTMENT OF—APPROVAL BY GOVERNOR—SPECIAL PURPOSE OF ACT—AMENDMENT OF ONE SECTION—ACT AMENDING MANY SECTIONS—RULE OF CONSTRUCTION.

1.   Where two acts amending certain sections of the statute are introduced in the House at different times, the object of the first bill being to amend a single section of the school law, and the object and purpose of the second bill being to amend many sections of the school law, and both bills fixing the maximum levy at fifteen mills are passed by the House and sent to the Senate, and the Senate amends the first bill by reducing the maximum levy from fifteen to five mills, and on the same day passes the other bill without amendment, and the bill as amended by the Senate is passed by the House, and both bills are sent to the Governor on the same day, and he signs them on the same day, and there is no evidence as to which one he signed first, in determining which of the bills should remain in force, the court will take into consideration the intent of the legislature in passing such bills, and will construe said acts in the light of the purpose for which they were enacted.

[As to similar acts passed at same legislative session, see note in 88 Am St. 289.]

2.   Where two acts passed on the same day and signed by the Governor on the same day are ambiguous or contradictory, such acts

should be construed in the light of the circumstances that induced their enactment, and the purpose sought to be accomplished thereby.

3. *Held*, that the special object and purpose of House Bill 74 was to reduce the maximum levy from fifteen mills to five mills, and that the particular attention of both the House and the Senate was directed to the reduction of the maximum levy that a school district could make for the purposes mentioned.

APPEAL from the District Court of the Fourth Judicial District in and for Minidoka County.   Hon. Wm. A. Babcock, Judge.

Action to enjoin the collection of a fifteen mill levy of taxes made by School District No. 5 and to limit such levy to five mills.   Judgment for the plaintiff.   *Affirmed.*

Longley & Walters and Homer C. Mills, for Appellants.

Inasmuch as the two sections of the law are in conflict, the later or subsequent is deemed to repeal the former, and such later and subsequent act is the act in effect at the time this action was instituted.   (*Noble v. Bragaw,* 12 Ida. 265, 85 Pac. 903; *People v. Dobbins,* 73 Cal. 257, 14 Pac. 860; *Louisville v. Savings Bank,* 104 U. S. 469, 26 L. ed. 775; *Peavy v. McCombs,* 26 Ida. 143, 140 Pac. 965.)

The court takes judicial notice of the public and private acts of the legislative, executive and judicial departments of the state.   (*Davis v. Whidden,* 117 Cal. 618, 49 Pac. 766.)

"It is an old and well-settled rule that when two laws upon the same subject, passed at different times, are inconsistent with each other, the one last passed must prevail." (*Davis v. Whidden, supra,* and cases cited.)

George H. Smith and H. B. Thompson, for Respondent.

The rule to be applied for the purpose of determining whether a five or a fifteen mill levy is the lawful one is whether, in the light of all of the proceedings had by the legislature with reference to this subject, it was their intention to reduce the levy from fifteen mills, as it had theretofore existed, to five, according to the principle of construc-

tion announced by the court in *Colburn v. Wilson*, 24 Ida. 94, 132 Pac. 579.

"A section of a statute should be construed in the light of the purpose for which the legislature enacted the particular act of which such section is a part." (*Schaedler v. Columbia Contract Co.*, 67 Or. 412, 135 Pac. 536.)

"It is not the business of the court to deal in any subtle refinements, but it is rather its duty to ascertain, if possible, from a reading of the whole act the purpose and intent of the legislature and to give force and effect thereto." (*Swain v. Fritchman*, 21 Ida. 783, 125 Pac. 319, 323.)

The limit of lawful levy must be held to be five mills, as expressly fixed by the legislature in the adoption of House Bill No. 74, chapter 88, Laws of 1913, admitting that the same is repugnant to the more general statute passed at the same session. (36 Cyc. 1151.)

"This court takes judicial notice of the journals of the House of Representatives and Senate of this state in passing upon legislation." (*Peavy v. McCombs*, 26 Ida. 143, 140 Pac. 965. See, also, *Trinity County v. Mendocino County*, 151 Cal. 279, 90 Pac. 685, 687, and cases cited.)

SULLIVAN, C. J.—This action was brought by the Oregon Short Line Railroad Company, a corporation, against Minidoka county, School District No. 5 of said county, and the county treasurer, to restrain the collection of taxes assessed on the basis of a fifteen mill levy, and to limit them to a five mill levy as provided by chap. 88, p. 362, of the Session Laws of 1913. The fifteen mill levy was made under the provisions of chap. 115, p. 434, Session Laws 1913.

The trial court held that the provisions of said chap. 88 limiting the levy to five mills controlled in this case, and that the levy of fifteen mills under said chap. 115 was null and void as to any excess over a levy of five mills, and entered judgment accordingly in favor of the plaintiff. The appeal is from the judgment.

The only question presented in this case is whether sec. 54 of the school laws, as amended by said chap. 88, reducing

the maximum levy to five mills, controls, or whether said sec. 54 as found in chap. 115, fixing the maximum levy at fifteen mills, controls.

The object and purpose of House Bill 74, embodied in said chap. 88, at the time it was first introduced in the House, evidently was to increase the number of months that schools should be kept in school districts and to relieve each district from publishing in some newspaper the notice of the annual meetings required to be held by each district, and it is a short bill composed of only about two printed pages. The maximum levy as provided by the then existing law was not changed by said bill until after it had been passed by the house and sent to the senate. There the bill was amended, reducing the maximum levy from fifteen mills to five mills. The particular attention of the Senate was called to the reduction of the maximum levy. After the bill was returned to the House with said amendment, the House considered and adopted the amendment and passed the bill as amended by the Senate. Thus the attention of both Houses was directed particularly to that amendment, reducing the maximum levy.

House Bill 393, as embodied in chap. 115, was introduced at a later date in the House and is a bill consisting of eighteen or more printed pages, and amends many sections of the school law but does not amend that provision of sec. 54, which fixes the maximum levy at fifteen mills.

It appears from the history of the passage of these two bills that the legislature intended to reduce the maximum levy. This is clearly so when viewed in the light of the circumstances that induced the amendment which reduced the maximum levy.

Both bills were sent to the Governor and he approved them on the same day, but the evidence does not show which he approved first. In this case it is proper for the court to take into consideration the intent of the legislature in passing said two bills.

It is a well-recognized rule of statutory construction that the legislative intent is to be obtained from the language

employed, which when ambiguous or contradictory is to be viewed in the light of the circumstances which induced the enactment and the purpose sought to be accomplished. (*Schaedler v. Columbia Contract Co.*, 67 Or. 412, 135 Pac. 536.)

House Bill 393 was enacted for the purpose of amending many sections of the then existing school law; while House Bill 74 was for the sole purpose of amending one section. The rule is where there is one statute dealing with one subject in general and comprehensive terms, and another dealing with the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy, but to the extent of any necessary repugnancy between them, the special will prevail over the general statute. (36 Cyc. 1151.)

This court held in *Colburn v. Wilson*, 24 Ida. 94, 132 Pac. 579, that legislative acts should be construed in the light of the purposes for which they were enacted.

We think from a consideration of the history of the enactment of said two laws, the legislature intended to and did fix the maximum levy at five mills.

We therefore conclude that the judgment of the trial court must be affirmed, and it is so ordered, with costs in favor of the respondent.

Budge and Morgan, JJ., concur.