This proceeding is here for review on appeal from a judgment of the district court of the eighth judicial district awarding respondent compensation for the death of her husband.
Deceased was in the employ of Bonner County, which county is subject to the provisions of the Workmen's Compensation Law and carried compensation insurance in the state insurance fund. On May 1, 1926, while deceased was operating a grader used in improving a road within Bonner County, a small pole caught in the grader and struck deceased on the back of his head, throwing him against a part of the mechanism and off the grader. After a few minutes deceased resumed his duties but did not work as hard as usual the rest of that day. The next day was Sunday, and on Monday, May 3d, deceased again worked on the grader, over rough, rocky, ground, and was subjected to severe jolting and jerking while operating the grader that day, of which he complained that evening. On the following morning he stated that he was not feeling well, but proceeded from his home to the place where his work was to be performed, returning home within an hour, the road operations being suspended on account of rain. He rested about the house the remainder of the day, and did not get up the next morning, complaining of a pain in his side and around the navel. The pain and his condition became worse, and on May 7th a physician was called, who found him to be suffering with a direct hernia. After treatment by this physician, deceased improved temporarily, but, complications setting in later, he died, after an operation, on May 19, 1926. The appendix had become strangulated by reason of being incarcerated in the hernia, forming an abscess and *Page 733 
bringing on diffused peritonitis, this condition being the immediate cause of death.
It was first found by the industrial accident board, approving and confirming the findings of one of its members before whom the proceeding was heard, that the hernia from which the deceased was found to be suffering on May 7, 1926, was the result of the jolting and jerking he received while performing his regular duties of riding the road grader. Subsequent to the entry of these findings, directing an award of compensation, the board, on review, reversed its prior decision and denied compensation, finding:
". . . . that it has not been proven that the hernia appeared suddenly and immediately following any injury and it is found that the said hernia did not appear until the seventh day of May, 1926; it is further expressly found that it has not been proven that the said hernia did not exist in some degree prior to the time the deceased worked on said Fish Hatchery Road."
It is specified on appeal from the judgment of award entered in the district court that the court erred in not accepting as final the facts as found by the industrial accident board, it being contended that the findings of said board were supported by competent and substantial evidence; and that the evidence is insufficient to support the judgment of the district court in a number of particulars which will be referred to hereinafter.
As we view the record there is no substantial conflict in the evidence, and we think it is established therefrom that deceased received personal injury by accident arising out of and in the course of his employment, resulting in hernia, which was the moving and primary cause of the condition from which he was found to be suffering at the time he was operated on and when he died. This is our conclusion as to the application of the law to the facts, as it was of the district court. The application of the law to undisputed evidence, as in the instant case, raises a question of law, to a review of which the district court and this court are limited on appeals from decisions of the industrial accident *Page 734 
board. (C. S., sec. 6270; Kaylor v. Callahan Zinc-Lead Co.,43 Idaho 477, 480, 253 P. 132, and cases cited.) And it follows, and we so hold, that the final findings of the industrial accident board are not supported by competent and substantial evidence; hence they are not conclusive on appeal to the district court and the supreme court. (Ybaibarriaga v. Farmerel al., 39 Idaho 361, 369, 228 P. 227.)
In addition to it being established that a workman, coming within the provisions of the Workmen's Compensation Law, has received personal injury by accident arising out of and in the course of his employment (C. S., sec. 6217), the statute requires (C. S., sec. 6235), in all cases of hernia resulting from injury as aforesaid, proof that the hernia appeared suddenly and immediately following the injury, and did not exist in any degree prior to the injury. Regardless of the efficacy of this statute and its apparent strictures, it would, it seems to us, be utterly repugnant to a liberal construction of its provisions; it is often said that the spirit of the Workmen's Compensation Law is to award compensation in all cases where a liberal construction of the statute would justify it (McNeil v. Panhandle Lumber Co., 34 Idaho 773, 203 P. 1068;Walker v. Hyde, 43 Idaho 625, 253 P. 1104) to hold that a fair and reasonable application of the evidence herein, and the inferences entitled to be assumed therefrom, did not meet the requirements of this statutory provision.
Deceased was shown to have been a strong, healthy and robust man at and prior to the time he was injured. There was no proof of any antecedent infirmity of any kind on his part, except that he might have had influenza some years previous to his death. One of the physicians testified that the severe jolting and jarring received by deceased while working on the grader and his being thrown against its projections was sufficient cause for the hernia. Failure of the injury to cause serious discomfort until a day or so after its occurrence does not negative the inference that the hernia appeared suddenly and immediately following. "Sometimes there is complete absence of pain and tenderness in the *Page 735 
hernia itself." (Ency. Brittanica.) It would be manifestly unfair to conclude that, because the injury was first diagnosed to be hernia on May 7, 1926, it had not appeared on May 1 or May 3, 1926, when, according to the medical testimony, the severe jolting deceased was subjected to in the performance of his work, was sufficient cause for the hernia; and in view of the fact that before a physician was called, deceased complained of pain in his abdomen, and had done nothing in the meantime that could have caused the hernia. The finding of the industrial accident board, "that by reason of the hernia received by deceased, Edgar C. Hillhouse, he was totally disabled for work from the fourth day of May, 1926, until the day of his death," is applicable to the ample showing that the hernia appeared within the time required by the statute, reasonably construed, and did not exist in any degree prior to the injury.
The judgment of the district court is affirmed, with costs to respondent.
Wm. E. Lee, C.J., and Givens, J., concur.