(No. 7027. July 7, 1942.)

## HARRY LONG, Appellant, v. A. B. BROWN and IDAHO COMPENSATION COMPANY, Respondents.

[128 Pac. (2d) 754.]

Rehearing Denied—September 14, 1942.

Durham and Hyatt for appellant.

Ralph S. Nelson for respondent.

BUDGE, J.—Respondent Brown, on March 12, 1941, and prior and subsequent thereto, was engaged in the business of manufacturing cedar poles. On the date of the accident and injury, hereinafter referred to, the Idaho Compensation Company was respondent Brown's surety under the Work-

men's Compensation Law. Appellant had waived the provisions of I.C.A., sec. 43-1107, and elected to receive the benefits of a hospital contract between respondent Brown and the Western Hospital Association.

About February 25, 1941, appellant entered the employ of respondent Brown as a cedar pole maker. On March 12, 1941, appellant stepped up on to a cedar pole which he had just fallen and had peeled, and which was slippery, in order that he might measure and cut the pole to size, and while in this position and in the performance of his work, he slipped on or from the pole and fell upon his right shoulder, striking the outer rim or edge of a three-foot stump, as a result of which he was severely hurt and by reason of which he sustained a contusion of the shoulder, including the capsule joint, muscles of the shoulder girdle, and nerves of the shoulder, resulting in a "frozen" shoulder, and also loss of function in the right arm and limitation of motion. By reason of the above injury, thus described, appellant suffered permanent partial disability equal and comparable to twenty-five percent loss of one arm by amputation at the shoulder, and the disability became permanent on or about May 9, 1941.

On March 13, 1941, appellant called at the office of Dr. Hopkins, one of the physicians in charge of the hospital, of the Western Hospital Association, at Orofino, the contract doctor and hospital, where, after giving a history of the accident and injury, he was examined, and received treatment. Appellant received treatment regularly from Dr. Hopkins from April 19, 1941, to and including May 7, 1941, at which time he left the hospital, his permanent disability having become fixed. Dr. Hopkins, approximately five days after the accident, made out and mailed to Ralph S. Nelson, president and adjuster for respondent Idaho Compensation Company, on a form prescribed by the Industrial Accident Board, a report in which, among other things, was stated that appellant had a contused right shoulder received as a result of the injury sustained on March 12, 1941, while working for respondent and caused by slipping on a pole and falling and striking his shoulder as heretofore referred to. The report was received by Mr. Nelson in due course of mail at Coeur d'Alene, Idaho.

Respondent Brown, among other things, testified substantially that he did not know appellant was in the hospital or

under Dr. Hopkins' care; that had his attention been called to the injury sustained by appellant he would have immediately transmitted such information to Mr. Nelson, his surety under the Workmen's Compensation Law; that he did not attempt to adjust any claims or arrange for medical care or hospitalization for injured men in his employ.' He further testified that when he did receive information of the injury he immediately communicated such information to Mr. Nelson.

The Industrial Accident Board, among other findings of fact, found:

"That it has not been shown that the employer, or any agent or representative of his, within sixty days after the accident, had any knowledge of the accident, or *that the employer has not been prejudiced by such delay or want of notice.*" (Italics ours.)

Based upon the foregoing finding of fact, the Board made the following ruling of law:

"That the claimant, Harry Long, is not entitled to an award against the defendants, A. B. Brown, employer, and Idaho Compensation Company, surety, or either of them; that his claim for compensation should be denied and his application dismissed; that an order should be given, filed and entered accordingly."

Whereupon the board ordered that appellant take nothing by reason of the proceedings had, and denied and dismissed appellant's application for compensation. This appeal is from the order.

The board found in effect, in other findings, that appellant sustained an injury by accident arising out of and in the course of his employment, but denied compensation upon the ground, and for the reason, that neither respondent employer, nor any agent or representative of his, within sixty days after the accident, had notice or knowledge of the accident; that appellant had failed to prove that respondent Brown had not been prejudiced by failure of appellant to give timely notice of the accident and injury.

There is but one question necessary to be decided, namely, was the board justified in finding that there was no evidence that respondent Brown was not prejudiced by delay or want of notice of the accident.

Conceding, without deciding, that neither respon-

dent Brown, nor any agent or representative of his, within sixty days after the accident, received notice or had knowledge of said accident, this would not be conclusive as against appellant's right to compensation, provided there is sufficient, competent and substantial evidence to establish the fact that respondent Brown had not been prejudiced by delay or want of notice. If there is substantial, competent evidence to sustain a finding that respondent Brown was not prejudiced by delay or want of notice, the board's finding to the contrary cannot be upheld.

The following sections of Idaho Code Annotated provide: 43-1202, for notice of injury and claim for compensation. 43-1203, for the form of notice and claim. 43-1204, for giving of notice and making of claim. 43-1205, provides:

"A notice given under the provisions of section 43-1202 shall not be held invalid or insufficient by reason of any inaccuracy in stating the time, place, nature or cause of the injury, or otherwise, unless it is shown that the employer was in fact misled to his injury thereby. Want of notice or delay in giving notice shall not be a bar to proceedings under this act if it be shown that the employer, his agent or representative, had knowledge of the accident, or *that the employer has not been prejudiced by such delay or want of notice.*" (Italics ours.)

To the following questions, respondent Brown made the following answers:

"Q. And any matters that come to your attention [any injuries sustained by accident to employees] you would send it immediately on, would you not, to Mr. Nelson?

"A. That's what I did.

* * *

"Q. In any event, Mr. Brown, any notice that you would have received would have been sent immediately to your surety under the Workmen's Compensation Law?

"A. Yes.

"Q. You didn't attempt to adjust any of these claims or arrange for hospitalization or medical care to these men, do you?

"A. No, Sir."

A party to a proceeding is bound by his testimony. (*Van Meter v. Zumwalt,* 35 Ida. 235, 206 Pac. 507; 50 A.L.R. 973.)

■ Workmen's Compensation Acts are considered as of a remedial character, the provisions of which should be construed broadly and liberally in order to effectuate their purpose, and this rule of liberal construction will be taken as a guide in construing the provision requiring notice of the accident to be given to the employer by or on behalf of the injured employe. If the statute itself provides relief for failure to give such notice, for reasons which seem equitable to the legislature, then such remedial provisions shall be broadly and liberally construed by the courts to effectuate the main purpose of all such legislation. This construction is applicable where, as in the instant case, upon prompt notice of accident, investigation would not have been made by the employer, but by his insurance carrier who would ultimately pay compensation, if any was awarded, to the employee, and the evidence is uncontradicted that the insurance carrier had timely opportunity to make an investigation of the accident and surrounding circumstances. The requirement that notice of an accident be given is to give the employer or some one on his behalf timely opportunity to make an investigation of the accident and surrounding circumstances to avoid payment of an unjust claim. Respondent Brown did not adjust any claims or arrange for medical treatment or hospitalization for injured workmen. These matters were immediately transmitted to his insurance carrier for attention.

■ The word "prejudice" as used in the act means that the employer by failure to receive notice has been made less able to resist the claim. (71 C.J. 997.) Respondent Brown, by failing to receive timely notice, was not made less able to resist appellant's claim, since if prompt notice had been given, he would have made no investigation, but would have merely reported the accident to his insurer, who, as heretofore stated, had timely notice of the accident, and ample opportunity to make a full and complete investigation.

■ The rule is well established that where it is shown that the employer has not been prejudiced by delay or want of notice, compensation may be awarded. (*Bodah v. Coeur d'Alene Mill Co.*, 44 Ida. 680, 258 Pac. 1079; *Frost v. Idaho Gold Dredging Co.*, 54 Ida. 312, 31 Pac. (2d) 270; *Arneson v. Robinson*, 59 Ida. 223, 82 Pac. (2d) 249.) Lack of prejudice having been affirmatively shown by sufficient, substantial and competent evidence, it follows that the finding of

the board "that it has not been shown that the employer * * * has not been prejudiced by such delay or want of notice" cannot be sustained as a matter of law.

The order of the board denying compensation to appellant is reversed, and the cause remanded with instructions to enter up an award in favor of appellant as provided in such cases under the Workmen's Compensation Law.

Costs awarded to appellant.

Givens, C. J., Morgan, Holden, and Ailshie, JJ., concur.