173 P.2d 76
**BEARD v. LUCKY FRIDAY SILVER–LEAD MINES et al.**
**No. 7302.**
Supreme Court of Idaho.
Sept. 24, 1946.

Whitla & Knudson and Ralph W. Nelson, all of Coeur d'Alene, for appellants.

Chas. E. Horning and Keane & McCann, all of Wallace, for respondent.

AILSHIE, Chief Justice.

Respondent, Beard, claimant herein, was an employee of the appellant, Lucky Friday Silver-Lead Mines, operating a mechanical rock drill in appellant's mine. June 23, 1945, respondent was injured by broken particles of rock being violently thrown against his "head and body and into both of his eyes." As a result of the accident, his left eye was so severely injured that it became necessary to remove it; and he suffered a permanent loss of 5.5% of the vision in his right eye. Respondent was "a married man with a wife and three minor dependent children"; he was earning $9.25 per day, working six days a week and his average weekly wages were $55.50. All parties to the cause consented to and agreed to a stipulation of facts, which was adopted by the Industrial Accident Board in its findings.

This cause was submitted on briefs without oral argument. The appeal is from the findings, rulings of law and award of the Board, ordering that claimant (respondent employee) be awarded "weekly compensation at the rate of $19.00 for a

period of 99% of 146.6 weeks from and after the 21st day of September, 1945; that the defendant, Lucky Friday Silver-Lead Mines Company, employer, and Idaho Compensation Company, Surety, and each of them forthwith pay to the State Treasurer, the sum of $55.71 to be deposited in the Industrial Special Indemnity Fund." See sec. 43-1114, I.C.A.

The two sections of the statute under consideration in the cause are sections 43-1110, as amended by 1945 Sess.Laws, chap. 93, p. 142,[1] and 43-1113, as amended by the 1937 legislature, 1937 Sess.Laws, chap. 241, p. 432, § 2.[2]

Counsel for appellants made three assignments of error, two of which are directed against the Board's rulings of

---

[1] "43-1110.  TOTAL DISABILITY.— Where the injury causes total disability for work, the employer during such disability, but not including the first seven days thereof, which shall be known as the waiting period, shall pay the injured employee weekly compensation equal to fifty-five per cent of his average weekly wages, but not more than * * * *fourteen* dollars nor less than * * * *eight* dollars per week for a period not exceeding 400 weeks, and thereafter a weekly compensation of * * * *eight* dollars a week.

"If such employee have a wife, but no dependent minor child the employer shall pay to such injured employee weekly compensation equal to sixty per cent of his average weekly wages, but not more than * * * *sixteen* dollars * * *, nor less than * * * *eight* dollars * * * per week for a period not exceeding 400 weeks, and thereafter a weekly compensation of * * * *eight* dollars a week.

"If the injured employee have a wife and a dependent minor child, or children or being a widower having any such dependent minor child, or children, the weekly payments in the preceding paragraph shall be increased by * * * *one dollar per week* for each such child, but the total weekly compensation shall not exceed * * * *twenty* dollars per week, nor be less than * * * *ten* dollars per week for a period not exceeding 400 weeks and thereafter a weekly compensation of eight dollars a week. If such total disability for work exceeds a period of four weeks the waiting period shall be reduced by four days and by one additional day for each week the total disability exceeds four weeks.  In case the total disability begins after a period of partial disability, the period of partial disability shall be deducted from such total period of 400 weeks.  Provided, however, that in no case shall the weekly compensation exceed the full amount of his average weekly wages.  A divorced employee who contributes to the support of his minor child or children shall receive the same compensation under this section as if he were a widower."

[2] "Sec. 43-1113.  SPECIFIC INDEMNITIES FOR CERTAIN INJURIES.— In case of the following injuries the compensation shall be fifty-five per cent of the average weekly wages, but not more than the weekly compensation provided in Section 43-1110, in addition to all other compensation, for ninety-nine per cent of the periods stated against such injuries respectively, to-wit:

"For the loss of:      For the following number of weeks:
*     *     *     *     *     *     *
One eye by enucleation ........... 140
Total blindness of one eye ........ 120
*     *     *     *     *     *     *

"*And* in all other cases * * * *of permanent injury, not included in the above schedule*, the compensation shall bear such relation to the amount stated in the above schedule as the disabilities bear to those produced by the injuries named in the schedule. * * * *"

law and award, appellants contending that claimant was not entitled to a weekly compensation of $19.00; that the limit for weekly payments for the disability incurred, under sec. 43-1113, supra, was $16.00 per week; the other assignment being directed against the order of the Board, requiring appellants to forthwith pay to the state treasurer $56.62 to be deposited in the Industrial Special Indemnity Fund.

An examination of the statutes involved discloses that they refer to and are a part of the Workmen's Compensation Law and are dealing with compensation for industrial accidents. See, also, sec. 43-1114, I.C.A.

In the case of Arneson v. Robinson, 59 Idaho 223, 239, 82 P.2d 249, 255, this court said: .

"The Workmen's Compensation Act was originally passed as an entire complete act * * * and is, therefore, to be construed and considered as a whole."

(See, also, State ex rel. Wright v. C. C. Anderson Co., 65 Idaho 400, 406, 145 P. 2d 237, wherein this court, quoting from Flynn v. Carson, 42 Idaho 141, 243 P. 818, said) [65 Idaho 400, 145 P.2d 239]:

" 'In construing (this statute) the cardinal rule is to ascertain the intention of the Legislature as it is expressed in the words of the statute, and for this purpose the act must be considered as a whole.' "

It follows, that, in construing any section or subsection, which is a part of the Workmen's Compensation Law, the latest expression of the legislature should prevail. Every part of the whole Act, including the amendatory provisions, should be considered in determining the legislative intent.

The legislative intent was so clearly expressed, there is no doubt, in our mind, but that they intended to increase the weekly compensation payments.

We therefore conclude that the order of the Board should be affirmed, and it is so ordered.

BUDGE, GIVENS, HOLDEN and MILLER, JJ., concur.

