262 P.2d 787

**McCALL v. MARTIN.**
**No. 8004.**

Supreme Court of Idaho.
Sept. 29, 1953.

Rehearing Denied Nov. 16, 1953.

278

Fred H. Snook, Salmon, E. H. Casterlin, Pocatello, for respondent.

TAYLOR, Justice.

Plaintiff, appellant, brought this action to contest the election of the defendant, respondent, to the office of probate judge of Lemhi County at the general election of November 4, 1952. In his amended complaint plaintiff alleges that the incumbent received 1301 votes and "that the over-

Frank A. McCall & Wayne L. Lovelace, Salmon, for appellant.

whelming majority of the write-in votes cast for the incumbent were written in the Republican column; that the few votes cast in the blank ticket for the incumbent were insufficient for his election compared with those 650 votes received by the plaintiff almost all of which are allegedly legal as cast in the blank ticket. * * * That of the write-in votes cast in the blank ticket the contestant received the majority." It also appears from the complaint that neither the plaintiff nor the defendant was the nominee of either political party, and aliunde, that the space for the name of the candidate for probate judge was left blank in the Republican ticket.

The district court held that the amended complaint did not state a cause of action and entered judgment accordingly.

The parties are in agreement as to the question to be determined upon this appeal. "Are write-in votes legal and to be counted only when they appear on the blank ticket?" (Respondent's brief.) "Are write-in votes cast in any ticket other than the blank ticket legal votes; * * *"? (Appellant's reply brief.)

Section 34–904, I.C., as amended by Chap. 23 of the Session Laws of 1951, providing the form and content of the general election ballot, contains the following:

"The width of the ballot must be divided into equal perpendicular spaces, one for each political party represented by the different opposing candidates, in which the tickets of the different parties must be printed, and one similar in which only the names of the different offices to be filled at the election shall be printed, and below which the voter may write the names of the persons he wishes to vote for. * * * The voter may * * * vote * * * for such candidates as he desires, by placing a cross on the right of their names in the small square, or by writing in the blank ticket the names of the persons he desires to vote for, and placing a cross on the right of their names in the square."

The face of the ballot, as it is set forth in Chap. 23, contains at the top thereof the following instruction to voters:

"Vote for such candidates as you desire by placing an X in the small square at the right of the names, or by writing in the blank ticket the names of the persons you desire to vote for, and placing an X in the square at the right of their names."

It is the contention of appellant that this provision that the voter may vote for the candidates of his choice "by placing a cross on the right of their names in the small square, or by writing in the blank ticket the names of the persons he desires to vote for, and placing a cross on the right of their names in the square", as contained in the statute and the instruction on the sample ballot, is a mandatory direction by the legislature as to the manner of voting, and

that any vote which does not comply is illegal. Specifically, the contention is that the voter has only one of two alternatives; he must vote for a candidate whose name is printed on the ballot, or vote for another by writing the name in the blank ticket; and that he may not write in the name of the person, for whom he wishes to vote, on the ticket of either political party, even though no name is printed thereon for the office in question. Appellant calls attention to the repeated use of the words "shall" and "must" in this statute, contending that the legislature thereby intended to make its provisions mandatory. However, we note that the particular direction as to the manner of voting is characterized by the word "may".

■■■ We have long followed the rule that statutes in pari materia must be construed together. Achenbach v. Kincaid, 25 Idaho 768, 140 P. 529; Union Pac. R. R. Co. v. Riggs, 66 Idaho 677, 166 P.2d 926.

"All statutes must be liberally construed with a view to accomplishing their aims and purposes, and attaining substantial justice, * * *." Keenan v. Price, 68 Idaho 423, at page 438, 195 P.2d 662, at page 670.

Accordingly we look to other sections of the statutes governing elections. § 34–903, I.C. provides for preparation of the ballots by the county auditor and contains, among other things, the following:

"Nothing in this title contained shall prevent any voter from writing on his ticket the name of any person for whom he desires to vote for an office, and such vote shall be counted the same as if printed upon the ballot and marked by the voter. The voter may place a cross (X) opposite the name he has written, but his having written the name of his choice is sufficient evidence that such is the person for whom he desires to vote."

Section 34–1011, I.C., as amended by Chap. 208, S.L. of 1951, provides the manner of voting, and contains the following:

" * * * shall prepare his ticket by marking in the appropriate margin or placing a cross (X) opposite the name of the candidate of his choice for each office to be filled, or by filling in or writing the name of the person for whom he wishes to vote in the blank space provided therefor under each office to be filled and following the names of the regularly nominated candidates and marking a cross (X) opposite such names."

While it appears that the words "ballot" and "ticket" have been used interchangeably in other sections, it could be logically concluded from the wording of § 34–904, I.C. that "ballot" refers to the entire sheet containing the lists of all the candidates of all parties and the blank column, and that "ticket" refers to the list or col-

umn containing the names of candidates of a particular party. If such construction were adopted, then, under the mandate of § 34–903, I.C., nothing in our election laws could "prevent any voter from writing *on his ticket* [i. e. the column he is voting or preparing] the name of any person for whom he desires to vote for an office, and such vote shall be counted the same as if printed upon the ballot and marked by the voter." (Emphasis supplied.)

 However, we prefer to conclude the issue upon the proposition that the legislature has not made the method of voting, indicated in § 34–904, I.C., mandatory or exclusive, and that where the voter has clearly expressed his choice, in an apparent effort to comply with the statute, and in a manner which is not contrary thereto, his vote is valid and must be counted. This is the rule declared by the legislature in § 34–1202, I.C., first enacted in 1891 and which has continued in force without amendment to the present time, to wit:

"Any ballot or part of a ballot from which it is impossible to determine the elector's choice, shall be void and shall not be counted: provided, that when a ballot is sufficiently plain to gather therefrom a part of the voter's intention, it shall be the duty of the judges to count such part."

Montana and other jurisdictions have so construed similar statutes. See Peterson v. Billings, 109 Mont. 390, 96 P.2d 922.

The rule of liberality in the application of election laws, to the end that the will of the voter, clearly expressed, should not be thwarted on technical grounds, is adhered to in most jurisdictions. 29 C.J.S., Elections, §§ 174–182; 18 Am.Jur., Elections, §§ 184–195.

We conclude that the write-in votes cast for the respondent, by writing of his name in the blank in the Republican column for the office of probate judge, were properly credited to him in the official count.

The judgment is affirmed. Costs to respondent.

PORTER, C. J., and GIVENS, THOMAS, and KEETON, JJ., concur.