437 P.2d 359

Wallace L. CHRISTENSEN,
Claimant-Appellant,

v.

William H. WEST, dba Residential Improvement Company and State Insurance Fund, Defendants-Respondents.

No. 10004.

Supreme Court of Idaho.

Feb. 14, 1968.

88

McClenahan & Greenfield, Boise, for claimant-appellant.

Coughlan & Imhoff, Boise, for defendants-respondents.

McQUADE, Justice.

The only question presented by this appeal is whether I.C. § 72–316(4), which provides:

"In all cases of hernia [from industrial accident] * * *, it must be proved [to sustain a claim for workmen's compensation]:

 * * * *

"4. That the hernia was reported to the employer within thirty days after the accident,"

is qualified by the following provision of I.C. § 72–405:

"Want of notice or delay in giving notice shall not be a bar to proceedings under this act if it be shown that * * * the employer has not been prejudiced by such delay or want of notice,"

so that the Industrial Accident Board must receive evidence offered on behalf of an employee that his employer was not prejudiced by his failure to notify the employer of an alleged hernia until thirty-two days after the injury.

The Industrial Accident Board dismissed appellant's claim for workmen's compensation in the present proceeding after refusing to hear evidence offered by appellant. The Board's order of dismissal must be reversed.

Appellant Wallace L. Christensen allegedly suffered a rupture (hernia) in his lower abdomen from an industrial accident on October 17, 1966. November 18, 1966, thirty-two days after the alleged hernia, appellant gave notice of the injury to his employer, respondent William West, d/b/a Residential Improvement Company, and to its surety, respondent State Insurance Fund. Accompanying this notice was a claim for workmen's compensation. Respondents' answer contended I.C. § 72–316(4) barred appellant's claim.

The Board limited its hearing to argument on this affirmative defense. Conceding the two-day late notice, appellant did not suggest either respondent had been earlier informed of the hernia. Instead, appellant relied solely upon the clause concerning non-prejudice to employer contained in I.C. § 72–405, which appellant contended modifies I.C. § 72–316(4). He asked the Board if it would

"hear testimony with respect to the provisions of 72–405 and in particular testimony demonstrating that the employer had not been prejudiced by the two-day delay?"

The Board refused.

Appellant then made a formal offer of proof that respondents had not been prejudiced by the late notice. The Board rejected the offer and, having found his notice defective since given too late, dismissed with prejudice appellant's claim and petition. This is an appeal from that order of dismissal.

As a fundamental rule of statutory construction, "Statutes *in pari materia* [pertaining to the same subject], although in apparent conflict, are so far as reasonably possible construed to be in harmony with each other."[1] This rule is operable

1. 2 Sutherland, Statutory Construction § 5201, 531–532 (3d ed. 1943). Accord, Sampson v. Layton, 86 Idaho 453, 387 P. 2d 883 (1963); Tway v. Williams, 81 Idaho 1, 336 P.2d 115 (1959); McCall v. Martin, 74 Idaho 277, 262 P.2d 787 (1953); McNaughton v. Newport, 67 Idaho 91, 170 P.2d 601 (1946); Stearns v. Graves, 61 Idaho 232, 99 P.2d 955 (1940); Mountain View Rural Tel. Co.

in construction of workmen's compensation statutes,[2] and it applies as well to statutes enacted at different times, and to amendments, as it applies to contemporaneously enacted statutes.[3]

For the reasons stated hereafter, we believe recognition of this fundamental rule of statutory construction demands that this Court answer in the affirmative the question presented.

In its entirety, I.C. § 72–405 provides:

"*Sufficiency of notice.*—A notice given under the provisions of section 72–402 shall not be held invalid or insufficient by reason of any inaccuracy in stating the time, place, nature or cause of the injury, or otherwise, unless it is shown that the employer was in fact misled to his injury thereby. Want of notice or delay in giving notice shall not be a bar to proceedings under this act if it be shown that the employer, his agent or representative, had knowledge of the accident, or that the employer has not been prejudiced by such delay or want of notice."

This statute has contained virtually identical language since 1917 when it was first enacted.[4] I.C. § 72–316(4) was added by amendment in 1927;[5] the amendment contains no reference to I.C. § 72–405.

I.C. § 72–405 contains two sentences. Its first sentence concerns "A notice given under the *provisions of section 72–402*," but its second sentence speaks of "Want of notice or delay in giving notice" as "a bar to proceedings under *this act*." (Emphasis ours). "This act" refers to the Idaho Workmen's Compensation Law (and related laws) which includes I.C. § 72–316.[6]

It is evident that the second sentence of I.C. § 72–405, since it applies to all "proceedings under this act," must qualify the "report" requirement of I.C. § 72–316, if that "report" requirement is essentially similar to the various "notice" requirements scattered throughout the Workmen's Compensation Law.[7] Respondent, however, grasps at the semantic difference between "report" and "notice," a difference which, as we presently will see, is without meaningful distinction.

In Smith v. Mercy Hospital,[8] this Court said concerning the "report" requirement of I.C. § 72–316(4):

"the salutary purpose of the provision * * * providing for notice to the employer is that the employer be timely advised of the employee's condition, its cause and the time thereof * * *."[9]

v. Interstate Tel. Co., 55 Idaho 514, 46 P.2d 723 (1935); Cook v. Massey, 38 Idaho 264, 220 P. 1088, 35 A.L.R. 200 (1923); Brown v. Bryan, 6 Idaho 1, 51 P. 995 (1898). Cf. Wilson v. Gardner Associated, Inc., 91 Idaho 496, 503, 426 P.2d 567, 574 (1967); Local Union 283, Int'l Bro. of Elec. Workers v. Robison, 91 Idaho 445, 423 P.2d 999 (1967); Jones v. State, 85 Idaho 135, 376 P.2d 361, 3 A.L.R.3d 1158 (1962). Beard v. Lucky Friday Silver-Lead Mines, 67 Idaho 135, 173 P.2d 76 (1946); see generally 82 C.J.S. Statutes § 366, § 362, § 365 (1953); 50 Am.Jur.Statutes § 348, § 349 (1944).

2. See Cook v. Massey, supra n. 1; Beard v. Lucky Friday Silver-Lead Mines, supra n. 1; cf. Wilson v. Gardner Associated, Inc., supra n. 1.

3. See Wilson v. Gardner Associated, Inc., supra n. 1; Local Union 283, Int'l Bro. of Elec. Workers v. Robison, supra n. 1;

John Hancock Mut. Life Ins. Co. v. Haworth, 68 Idaho 185, 191 P.2d 359 (1948). See generally 2 Sutherland, Statutory Construction § 5201, at 530 (3d ed. 1943); 82 C.J.S. Statutes § 366 (1953).

4. Idaho Sess.Laws 1917, ch. 81, § 22, p. 265.

5. Idaho Sess.Laws 1927, ch. 106, § 7, p. 142.

6. See I.C. § 72–101; Idaho Sess.Laws 1917, ch. 81, pp. 252–254, § 1, p. 254, and § 22, p. 265.

7. E. g., I.C. § 72–402.

8. 60 Idaho 674, 95 P.2d 580 (1939).

9. Id. at 678, 95 P.2d at 482. Though the Court used the word "notice," the provision's phrasing was identical to that of the present I.C. § 72–316(4): " * * * was reported * * *." See Idaho Sess. Laws 1927, ch. 106, § 6235, p. 143.

Though the question before the court there was different from that here, we think the statement quoted a fair presentation of the policy underpinning I.C. § 72–316(4).[10]

In Long v. Brown,[11] this Court discussed the "notice" requirement of I.C. § 72–402 as follows:

"The requirement that notice of an accident be given is to give the employer * * * timely opportunity to make an investigation of the accident and surrounding circumstances * * *."[12], [13]

Thus, with respect to underlying policy, the requirement to "report" seems no different than a "notice" requirement. Each intends to protect the rights of employers and their sureties or, differently stated, to assure they are not prejudiced. As a matter of policy, then, the non-prejudice clause contained in the second sentence of I.C. § 72–405 appears equally applicable to "reporting" as to "notice."

The legislature has not prescribed any special form for a "report" under I.C. § 72–316(4); indeed, such report need not even be in writing.[14] Nor does the word "reported" have a significantly different connotation from "notice."[15] Moreover, this Court on occasion has used those words interchangeably in discussion of I.C. § 72–316(4).[16]

Unless we ignore the fundamental rule of harmonizing statutes *in pari materia,* we must decide that the lack of prejudice provision in the second sentence of I.C. § 72–405 qualifies I.C. § 72–316, and reverse the Board's order, even though respondent contends I.C. § 72–316(4) is an unambiguous exception to the proviso in the second sentence of I.C. § 72–405. Indeed, this Court has previously pointed out one major ambiguity of I.C. § 72–316 (4); though the statute says "the hernia [must be] reported," this Court has construed the requirement to mean there must be notice of *the injury which results in a hernia.*[17] Moreover, the statute requires "That the hernia [be] reported to the employer," but this Court has held that actual knowledge by the employer[18] or by his agent[19] renders a "report" unnecessary.

▪ Lest there be any misunderstanding of the statutory construction principle which we apply here, we reaffirm the principle that a particular pertinent statute will prevail over a general pertinent statute, *but only* "to the extent of any necessary re-

---

10. Accord, Larson v. State, 79 Idaho 446, 320 P.2d 763 (1958).

11. 64 Idaho 39, 128 P.2d 754 (1942).

12. Id. at 44, 128 P.2d at 756.

13. Cf., Findley v. Flanigan, 84 Idaho 473, 373 P.d 551 (1962).

14. Cf. cases cited n. 18 and n. 19, infra.

15. Webster, Third New International Dictionary (1967), p. 1544, defines "notice" as "formal or informal warning or intimation of something: ANNOUNCEMENT. * * * INFORMATION, INTELLIGENCE * * *." Defining "report," that book says [noun form] " * * * something that gives information: * * * detailed account or statement * * * NOTIFICATION"; [verb form] * * * to make known to the proper authorities: give notification of * * * ([as] an accident)." (Id., p. 1925). Black, Law Dictionary (4th ed. 1951), p. 1210, says "notice" is "Infor-

mation; the result of observation, whether by the senses or the mind; knowledge of the existence of a fact or state of affairs; the means of knowledge." "Report," that book states, is "an official or formal statement of facts or proceedings." (Id., p. 1464).
Bouvier, Law Dictionary (8th ed. (Rawle's 3d rev.) 1914) does not define "report," but says notice is "The information given of some act done, or the interpellation by which some act is required to be done. Knowledge." (2 id., pp. 2368–2369).

16. Smith v. Mercy Hospital, supra n. 8; see also Stoddard v. Mason's Blue Link Stores, Inc., 55 Idaho 609, 45 P.2d 597 (1935). But cf. Page v. State Ins. Fund, 53 Idaho 177, 22 P.2d 681 (1933).

17. See Larson v. State, supra n. 10.

18. Larson v. State, supra n. 10.

19. Page v. State Ins. Fund, supra n. 16.

pugnancy between them," [20] or "in case of necessary conflict," [21] or if the particular and the general statute "are necessarily inconsistent." [22] Nevertheless, the fundamental rule remains: harmonize statutes *in pari materia* "so far as reasonably possible"; [23] one statute—the more particular —prevails to the exclusion of the other only when two statutes are in "irreconcilable conflict."

In the present action, harmony of I.C. § 72–316(4) and I.C. § 72–405 is easily accomplished. Assuming that hernias are different from most other injuries in the immediacy of their appearance—and hence their special treatment by the legislature, this does not militate an absolute limitation interpretation of I.C. § 72–316(4). [24] I.C. § 72–316(4) demands an employee report an accident resulting in a hernia sooner— thirty days instead of sixty—than he must report another type of industrial injury. [25] In case of failure so to report, in order to preserve his claim the employee must then show employer's non-prejudice (or actual knowledge). This added burden of proving non-prejudice (or knowledge) arises sooner in hernia than in non-hernia cases, thus affording an employer added protection in hernia cases commensurate with the type of injury involved.

Respondents also contend I.C. § 72–405 (second sentence) is inapplicable to I.C. § 72–316(4) because I.C. § 72–405 is part of the original Workmen's Compensation Law

of Idaho enacted in 1917, but I.C. § 72–316 (4) was added by amendment in 1927. This legislative history is not persuasive. As mentioned previously in this opinion, the *in pari materia* rule of statutory construction applies as well to statutes enacted at different times, and to amendments, as it applies to contemporaneously enacted statutes. [26] It should be noted in this regard that the provision of I.C. § 72–402 requiring notice of an injury other than a hernia be made within sixty days of the accident was itself first enacted in 1929, twelve years after the statute that is now I.C. § 72–405. Nevertheless, this Court has consistently held that the second sentence of I.C. § 72– 405 qualifies the sixty-day requirement of I.C. § 72–402. [27]

Respondents further contend Larson v. State, [28] holds the reporting requirement of I.C. § 72–316(4) is absolute. But that case does not support such a proposition. In the *Larson* case, a tow chain lashed around the claimant's midsection, throwing him to the ground some feet away. His employer witnessed the accident: "[claimant's] employer had knowledge of the accident * * * immediately upon its occurrence." [29]

For nearly three months, however, claimant was not aware he had suffered a hernia, and so of course could not report *the hernia* as one of his injuries sustained in the accident. This Court said, nevertheless, "*the injury* by accident resulting in the hernia," [30] not the hernia itself, is the fact which must

---

20. Oregon, etc., R.R. Co. v. Minidoka Co. S. Dist., 28 Idaho 214, at 218, 153 P. 424, at 425 (1915).

21. State v. Jones, 34 Idaho 83, at 86, 199 P. 645 (1921).

22. Herrick v. Gallet, 35 Idaho 13, at 20, 204 P. 477, at 479 (1922).

23. 2 Sutherland, Statutory Construction § 5201, 531 (3d ed. 1943).

24. Cf. the prohibitory language of Idaho statutes of limitations, e. g. "Civil actions can only be commenced within the periods prescribed * * *," I.C. § 5– 201; "No action for the recovery of real property, * * * can be maintained, unless it appear that the plaintiff

* * * was seized or possessed of the property in question within five years before the commencement of the action * * *," I.C. § 5–203.

25. See I.C. § 72–402.

26. See authority cited n. 3.

27. See Frost v. Idaho Gold Dredging Co., 54 Idaho 312, 31 P.2d 270 (1934); Moser v. Utah Oil Refining Co., 66 Idaho 710, 168 P.2d 591 (1946); cf., Ansbaugh v. Potlatch Forests, Inc., 80 Idaho 515, 334 P.2d 442 (1959).

28. Supra n. 10.

29. Id., 79 Idaho at 452, 320 P.2d at 766.

30. Ibid; emphasis in original.

be reported, and the Court found the employer's immediate knowledge of the accident satisfied I.C. § 72–316(4). Thus, the *Larson* case does not speak to the question presented by the instant case.

 From what has been said, it is clear this proceeding must be remanded to the Board for a hearing directed to the question whether respondent was prejudiced by appellant's failure to report his injury within the required period. Appellant will have the burden of proving non-prejudice.[31] But to hold appellant irrevocably forfeited a possible claim by failure to report within the stated time—regardless of whether appellant's tardiness prejudiced respondents— would be antagonistic to the legislatively declared purpose of the Workmen's Compensation Act,[32] and would contravene a fundamental rule of statutory construction.

Judgment reversed. Costs to appellant.

SMITH and SPEAR, JJ., concur.

McFADDEN, Justice (dissenting):

The rationale of the majority opinion is that the statutes involved, I.C. § 72–316 and I.C. § 72–405 must be considered in pari materia, and hence the latter provision, which states:

"Want of notice or delay in giving notice shall not be a bar to proceedings under this act if it be shown that the employer, his agent or representative, had knowledge of the accident, or that the employer has not been prejudiced by such delay or want of notice."

modifies the provisions of I.C. § 72–316(4) which requires:

"That the hernia was reported to the employer within thirty days after the accident."

Before the pari materia rule of statutory construction can be applied, it must first be found that the statute is ambiguous. 2 Sutherland, Statutory Construction § 5201, at 529 (3d ed. 1943).

"Where the language of a statute is plain and unambiguous, there is no occasion for construction, * * *. An unambiguous statute must be given effect according to its plain and obvious meaning, * * *." 82 C.J.S. Statutes § 322b (2), at 577, 583 (1953).

The fundamental rule of construction is to ascertain and give effect to the legislative intent as expressed in the statute. Gallafent v. Tucker, 48 Idaho 240, 281 P. 375 (1929); Empire Copper Co. v. Henderson, 15 Idaho 635, 99 P. 127 (1908).

"This court is committed to the rule that legislative intent is the main lodestar of construction. Northern Pac. R. Co. v. Shoshone County, 63 Idaho 36, 40, 116 P.2d 221, and cases there cited." Willard v. First Security Bank of Idaho, 69 Idaho 265, 269, 206 P.2d 770, 773 (1949).

I.C. § 72–316 is a statute which deals specifically with cases of hernia resulting from injury by accident. It requires that the following items be proved:

"1. That it was an injury by accident resulting in hernia.

2. That the hernia appeared suddenly and immediately following the accident.

3. That the hernia did not exist in any degree prior to the injury by accident for which compensation is claimed.

4. That the hernia was reported to the employer within thirty days after the accident."

---

31. I.C. § 72–405 (second sentence); cf. Findley v. Flanigan, supra n. 13; Ansbaugh v. Potlatch Forests, Inc., supra n. 27.

32. I.C. § 72–201; cf. Page v. State Ins. Fund, supra, n. 16; see also Smith v. Mercy Hospital, supra, n. 16.

This statute is explicit in its terms. It is unambiguous and the legislative intent is clear to require proof of these four items for recovery for hernia resulting from injury by accident.

It is my conclusion that the legislative intent expressed by I.C. § 72–405 also is clear and unambiguous. It establishes the standards for the notice mentioned in I.C. § 72–402, and states that "Want of notice or delay in giving notice shall not be a bar to proceedings under this act if it be shown that the employer, his agent or representative, had knowledge of the accident, or that the employer has not been prejudiced by such delay or want of notice." The "want of notice or delay in giving notice" mentioned in this last sentence can only have reference to the notice previously discussed, i. e., notice given pursuant to I.C. § 72–402. Nowhere does I.C. § 72–405 discuss elements of proof for recovery as does I.C. § 72–316.

I.C. § 72–316 deals with the special cases involving hernia, which is recognized as being unique in medical annals and is specially treated by the statute. See dissenting opinion of Taylor, J., in In re Hillhouse's Estate, 46 Idaho 730, 271 P. 459 (1928). I.C. § 72–405 deals with the general subject of the sufficiency of notice required under the provisions of I.C. § 72–402 which in turn deals with the prerequisites for "proceedings under this act for compensation for any injury."

"The rule is where there is one statute dealing with one subject in general and comprehensive terms, and another dealing with the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy, but to the extent of any necessary repugnancy between them, the special will prevail over the general statute." Oregon, etc., R.R. Co. v. Minidoka Co. S. Dist., 28 Idaho 214, 218, 153 P. 424, 425 (1915).

"A particular statute, however, will prevail over a general one in case of necessary conflict." State v. Jones, 34 Idaho 83, 86, 199 P. 645 (1921).

"Where two acts deal with a common subject-matter, the one which deals with it in the more minute and particular way will prevail. (citations omitted.) If two acts dealing with a common subject-matter are necessarily inconsistent, the latter statute is deemed to impliedly repeal the earlier." Herrick v. Gallet, 35 Idaho 13, 20, 204 P. 477, 479 (1922).

" 'Where two acts deal with a common subject-matter, the one which deals with it in the more minute and particular way will prevail.' " State v. Taylor, 58 Idaho 656, 667, 78 P.2d 125, 130 (1938).

"Where there is a general statute, and a special or specific statute, dealing with the same subject, the provisions of the special or specific statute will control those of the general statute. (citations omitted.)" State v. Roderick, 85 Idaho 80, 84, 375 P.2d 1005, 1007 (1962).

This same rule is discussed in 50 Am.Jur. Statutes § 367, at 371 (1944), in the following terms:

"It is an old and familiar principle closely related to the rule that where an act contains special provisions they must be read as exceptions to a general provision in a separate earlier or subsequent act, [Sec. 561, infra] that where there is in the same statute a specific provision, and also a general one which in its most comprehensive sense would include matters embraced in the former, the particular provisions must control, and the general provision must be taken to affect only such cases within its general language as are not within the provisions of the particular provision."

50 Am.Jur. Statutes § 561 (1944), mentioned above, states:

" * * * As a general rule, however, general or broad statutory provisions do

not control, modify, limit, affect, or interfere with special or specific provisions. To the contrary, to the extent of any irreconcilable conflict, the special or specific provision modifies, qualifies, limits, restricts, excludes, supersedes, controls, and prevails over the general or broad provision, which accordingly must yield to the special or specific provision, and operate only upon such cases and are not included therein. The special or specific act and the general or broad law stand together, the one as the law of a particular case, and the other as the general rule."

82 C.J.S. Statutes § 347b (1953), summarizes the various cases as follows:

"Unless a legislative intention to the contrary clearly appears, special or particular provisions control over general provisions, terms, or expressions."

The legislature has clearly expressed its intention that the special statute (I.C. § 72–316) dealing specifically with hernia, should control in hernia cases, as against the statute dealing generally with industrial accidents. Even though as appellants contend, the Workman's Compensation Act should be liberally construed with a view to effect its objects and promote justice, it is my conclusion that this does not present justification for this court to override the express legislative enactment. Thus, the order of the board should be affirmed.

TAYLOR, Justice.

I concur with Justice McFadden. Having regard to the nature of hernia and the manner of its incidence when caused by an accident (In re Hillhouse's Estate, 46 Idaho 730, 271 P. 459 [1928] Dissent p. 735), I am of the opinion that, by the 1927 amendment of I.C. § 72–316 and particularly the addition thereto of subsection 4, the legislature intended to make the requirement of proof that the hernia was reported to the employer within thirty days after the accident, a condition of compensability, without regard to the issue of prejudice under the old section 72–405.